GULF STATES UTILITIES COMPANY V. EDITH MOORE.

No. 6832.   Decided June 16, 1937.
(106 S. W., 2d Series, 256.)

*Orgain, Carroll & Bell,* of Beaumont, for plaintiff in error.

It was prejudicial error for the trial court not to sustain the defendant's objection that the charge referred to placed a greater burden on this defendant than the law places. Mexican-Central Ry. Co. v. Lauricella, 87 Texas 277, 28 S. W. 277, Psimenos v. Huntley, 47 S. W. (2d) 622; Gulf Refining Co. v. Jackson, 99 S. W. (2d) 681; Panhandle and S. F. Ry. Co. v. Sedberry, 46 S. W. (2d) 719.

*Renfro & Keen,* of Beaumont, for defendant in error.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

Henry T. Moore, a "hot wire" worker, was killed while performing his duties as an employee of plaintiff in error. Judgment was entered for his surviving wife. This judgment was affirmed. See 73 S. W. (2d) 941. The facts are fully stated in the opinion of the Court of Civil Appeals affirming the case. Many grounds of negligence were pleaded and submitted, all answered favorably to the defendant in error. Of these, we copy the following:

"Special Issue No. 10. At the time Henry T. Moore was caught in the telephone line, did the defendant, Gulf States

Utilities Company, have as a part of its equipment on the truck on that job blankets or nets to be used to catch a falling man that had become entangled in a charged wire?

"Answer Yes or No as you find the fact to be.

"Special Issue No. 11. If you have answered the above and foregoing question 'no,' then you are asked: Was the failure of the Gulf States Utilities Company to carry and have on that occasion blankets or nets to catch Henry T. Moore, negligence?

"Answer Yes or No as you find the fact to be.

"Special Issue No. 12. If you have answered the above and foregoing question 'Yes,' then you are asked: Was such negligence on the part of the defendant, Gulf States Utilities Company, a proximate cause of Henry T. Moore's death?"

**1** As applying generally to all issues of fact submitted the trial court charged:

"You are further instructed that in arriving at your answers to the following special issues, you will be governed by a preponderance of the evidence submitted in this case, and by 'preponderance of the evidence,' is meant the greater weight of the credible testimony before you."

To this last charge plaintiff in error seasonably filed the following written objection:

"Because same is calculated to confuse the jury, and cause them to believe that they cannot answer the issues in the negative unless a preponderance of the evidence calls for a negative finding and places too great a burden upon the defendant and the jury should be permitted to answer the issues in the negative if the preponderance of the evidence did not call for an affirmative answer and is calculated to cause an erroneous verdict."

This instruction has been pointedly held erroneous. We quote:

"Under the quoted instruction from the court, the jury may have understood that a negative answer to the issue above set out and others of like character could not have been made except from a preponderance of the evidence. Otherwise stated, this charge seems to require a preponderance of the evidence to support any answer made to these questions, whether affirmative or negative. The law is that the burden of proof is upon the plaintiff who charges negligence to establish it by a preponderance of the evidence. A mere failure to discharge this burden would require a negative answer to all issues submitting

the existence of negligence as a basis for recovery. Such issues may be answered 'No' without the jury believing that its response is supported by a preponderance of the evidence." Chicago, R. I. & G. Ry. Co. v. Vinson, 61 S. W. (2d) 532. See also Gulf Ref. Co. et al. v. Jackson, 99 S. W. (2d) 681, and authorities there cited.

The proper method of framing such an instruction is suggested by Judge SHARP in Federal Surety Co. v. Smith, (Com. App.) 41 S. W. (2d) 210.

In the present case deceased was climbing down from an elevation of about seventy-five feet. About half way down he caught hold of a "hot" telephone wire. His fellow workmen finally dislodged him from contact with it, and he fell to the ground, a distance of some thirty-five feet. Whether the "hot wire" or the fall killed him is not definitely shown. His co-workers attempted to save him by breaking his fall, but his body was deflected unexpectedly from its course by an object about fifteen feet from the ground. They had no net or blanket. If he were killed instantly by contact with the wire, could it be said that a blanket or net would have saved him? The issues above, and others of similar character, were supported by facts and circumstances, practically all uncontradicted. Even so, each juror was entitled to assemble these in his mind, to give each its proper weight in the light of human experience, to strike a balance and form his own conclusion from these as to whether or not the evidence as a whole preponderated in favor of the plaintiff in the trial court. If the evidence was believed to be evenly balanced or failed to preponderate in favor of the plaintiff, the law requires him in such case to give a negative answer. The effect of the above instruction took from the plaintiff in error the right to a verdict in such a contingency, or at least was calculated to so impress a juror who carefully examined and followed its exact verbiage. We are not able to say it was harmless error as the Court of Civil Appeals held. Surely it can not be so demonstrated. It is our opinion that the quoted instruction presents error which requires a reversal.

2   The definition given by the trial court of "new and independent cause" is here criticized. This alleged error will not probably again occur. The plaintiff in error has pointed to no evidence and we find none, which raises any such issue, and it was not therefore necessary to mention or define such term. See recent case of Lowrimore v. Sanders, 129 Texas 563, 103 S. W. (2d) 739.

3   Contributory negligence, or negligence which contributed to

proximately cause the death of deceased, was no defense in this case, as held by the Court of Civil Appeals, but a wrongful or negligent act of the deceased which was the sole proximate cause of his death, if raised by the evidence, is a proper defensive issue.

The error above discussed is the only reversible one shown in the application for writ of error.

Judgment of the trial court and the Court of Civil Appeals reversed and cause remanded.

Opinion adopted by the Supreme Court June 16, 1937.