James R. WALZIER, Appellant,

v.

A.L. NEWTON d/b/a A.L. Newton Trucking Company, Appellee.

No. 07–99–0105–CV.

Court of Appeals of Texas, Amarillo.

July 31, 2000.

---

Kim Hayes, Kline Law Offices, Lubbock, for appellant.

Tom Hamilton, Brent Hamilton, Lafont, Tunnell, Formby, Lafont & Hamilton, L.L.P., Plainview, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

BRIAN QUINN, Justice.

James R. Walzier (Walzier) appeals from a judgment denying him recovery against A.L. Newton d/b/a A.L. Newton Trucking Company (Newton). His sole issue on appeal concerns the trial court's admission of evidence involving his own negligence. We overrule the point and affirm the judgment.

### Background

Newton employed Walzier as a truck driver. While performing those duties, Walzier lost control of the vehicle he drove, causing the vehicle to run into a bar ditch and flip on its side. Walzier alleged that the vehicle did so because its brakes were defective and that Newton knew of the condition of the brakes. At trial, however, Newton attempted to defeat liability by presenting evidence indicating that Walzier's misfeasance was the sole proximate cause of the accident and the injuries his employee suffered. When this evidence was proffered, Walzier objected,

contending that 1) it involved proof of an affirmative defense in violation of section 406.033 of the Texas Labor Code and 2) Newton failed to plead the affirmative defense as mandated by Texas Rule of Civil Procedure 94. The trial court overruled the objections, admitted the evidence, and eventually entered judgment denying Walzier recovery.

### Standard of Review

■ Contrary to the statement of Walzier, the standard of review applicable to reviewing purported error involving the admission of evidence is one of abused discretion. *Hur v. City of Mesquite*, 893 S.W.2d 227, 234 (Tex.App.—Amarillo 1995, writ denied). Furthermore, a court abuses its discretion when it acts 1) in an unreasonable and arbitrary manner or 2) without reference to any guiding rules and principles. *Id.*

### Application of Standard

As previously mentioned, the trial court allegedly erred in admitting the evidence because it tended to prove an affirmative defense that was 1) prohibited under section 406.33 of the Labor Code and 2) omitted from Newton's live pleading. We disagree.

■ As to the former argument, we note that statute prohibits an employer who lacks worker's compensation insurance coverage from invoking various common law affirmative defenses to defeat recovery by his employee. *See* TEX. LABOR CODE ANN. § 406.033(a) & (b) (Vernon 1996). Yet, that prohibition does not encompass the claim of sole proximate cause. Long ago our Supreme Court held that while such things as "contributory negligence, or negligence which contributed to proximately cause [the employee's injury], was no defense ... a wrongful or negligent act of the [employee] which was the *sole and proximate cause* of [the injury] ... is a proper defensive issue." *Gulf States Utilities Co. v. Moore*, 129 Tex. 604, 106 S.W.2d 256, 257 (1937). And, despite

the passage of many years, this continues to be the law. *See Brookshire Bros., Inc. v. Wagnon*, 979 S.W.2d 343, 347 (Tex. App.—Tyler 1998, pet. denied) (stating that an employer may defend itself by illustrating that it was not negligent in causing the injury or that its employee's conduct was the sole proximate cause of the injury).

■ Next, the evidence in question consisted of such things as testimony that Walzier failed to "gear down" the vehicle in time to negotiate the turn, and that Walzier's speed was too high to make the turn. Admittedly, this data could be construed as suggesting that Walzier was negligent and that his own negligence *contributed* to his injuries. Yet, it may also be viewed as tending to illustrate that it *solely* caused them. This is especially so given other evidence proffered by Newton which illustrated that the brakes were working properly at the time of the accident. And, when viewed through the latter prism, it was indeed relevant to, and admissible for the purpose of establishing, the claim of sole proximate cause. *Gulf States Utilities Co. v. Moore, supra; Brookshire Bros., Inc. v. Wagnon, supra.* Thus, the trial court's decision did not violate section 406.033 of the Labor Code.

■ As to the second basis for objection, we note that Texas Rule of Civil Procedure 94 requires the inclusion of affirmative defenses in a live pleading. Yet, "sole proximate cause" is not one of the defenses expressly mentioned in the rule, nor is it even an affirmative defense. As revealed by authority, affirmative defenses are claims interposed to defeat a *prima facie* case established by a plaintiff. *Cook Composites, Inc. v. Westlake Styrene Corp.*, 15 S.W.3d 124, 137 (Tex.App.— Houston [14th Dist.] 2000, pet. dism'd). In effect, the evidence offered to prove such a defense does not rebut the factual propositions uttered by the plaintiff, but instead serves to establish an independent reason for denying the plaintiff any recovery. *Id.* Sole proximate cause does not fit within this mold. Indeed, courts view this de-

fense as an inferential rebuttal issue which, when invoked by the defendant, purports to negate an element of the plaintiff's cause of action. *American Jet., Inc. v. Leyendecker,* 683 S.W.2d 121, 126 (Tex. App.—San Antonio 1984, no writ). In other words, the evidence allegedly illustrating sole proximate cause does not tend to interject an independent basis for denying plaintiff recovery once he establishes a *prima facie* case. Rather, it tends to disprove an element of his cause of action or the existence of the *prima facie* case. And, having that effect, sole proximate cause cannot be considered an affirmative defense subject to Rule 94. Therefore, the trial court was not obligated to exclude the evidence proffered by Newton simply because he did not affirmatively plead sole proximate cause.

Accordingly, the judgment rendered below is affirmed.