NO. 07-08-0070-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A 

FEBRUARY 27, 2009

______________________________


KODY AND JANET KOTHMANN AND 
KODY KOTHMANN, TRUSTEE, APPELLANTS

V.

GENESIS TAX LOAN SERVICES, INC. AND M. SUZANNE FROSSARD, 
SUBSTITUTE TRUSTEE, APPELLEES

_________________________________

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-535,294; HONORABLE RUBEN REYES, JUDGE PRESIDING_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.


OPINION


          Appellants, Kody and Janet Kothmann and Kody Kothmann, Trustee of the Kody
Kothmann Irrevocable Trust, (collectively Kothmann) appeal from a judgment rendered in
favor of Appellees, Genesis Tax Loan Services, Inc. and M. Suzanne Frossard, Substitute
Trustee, following a bench trial of Kothmann’s declaratory judgment action seeking to
establish the enforceability of four deeds of trust held by Genesis and further seeking to
enjoin Frossard from conducting a trustee’s sale pursuant thereto. Kothmann asserts the
trial court erred (1) in permitting Genesis to present evidence regarding tax liens; (2) in its
determination that Genesis holds valid transferred tax liens; and (3) by finding that
Genesis’s liens are superior to Kothmann’s liens. We affirm in part, reverse and render in
part, and reverse and remand in part.
Background
          This appeal involves the priority of competing liens encumbering four separate
parcels of real property situated in various additions to the City of Lubbock, Lubbock
County, Texas.


 (*See additional comment in Footnote 1). As to each parcel, Genesis
holds a deed of trust which purports to secure the repayment of 2003 property taxes paid
on behalf of the property owned by Genesis pursuant to sections 32.06 and 32.065 of the
Texas Tax Code.


 Kothmann maintains that each parcel is encumbered by a prior deed
of trust lien which is “superior” to the Genesis lien. When Genesis attempted to foreclose
on its deeds of trust, Kothmann filed its original petition seeking a declaratory judgment
that the attempted foreclosure of each deed of trust was “ineffective because the Genesis
lien has been cut off by the foreclosure of a superior lien.” Kothmann further requested a
temporary restraining order and permanent injunction enjoining Genesis from conducting 
foreclosure sales pursuant to those deeds of trust. In its petition, Kothmann alleged that
each Genesis deed of trust was executed and filed of record subsequent to Kothmann’s
deeds of trust on the same property. Specifically, Kothmann alleged that, “in each
instance, [Kothmann]’s lien and deed of trust is prior in time and superior to the deed of
trust benefitting Genesis.” Genesis responded with a general denial stating “[d]efendants
deny each and every allegation of Plaintiffs’ Original Petition, and demand strict proof as
required by the Texas Rules of Civil Procedure.” 
          On Friday, June 2, 2006, the trial court


 granted an ex parte Temporary Restraining
Order commanding Appellees to desist and refrain from holding the trustee’s sale which
was then scheduled for Tuesday, June 6. On June 16, the trial court entered an Order
Granting Temporary Injunction “extending” the restraining order until further order of the
Court. On April 5, 2007, a bench trial was held with the Honorable J. Blair Cherry presiding
by assignment. 
          At trial, Kothmann produced notices from Genesis, dated May 16, 2006, giving
Kothmann notice of a pending foreclosure sale of each parcel pursuant to Genesis’s
deeds of trust, which were each dated May 27, 2004. For each parcel, Kothmann produced
a warranty deed with vendor’s lien and a deed of trust entered into between Kothmann and
Gary Morgan, which predated Genesis’s deeds of trust, both as to execution and filing. As
to Tracts 1 and 2, Kothmann further produced a substitute trustee’s deed reflecting
foreclosure of those earlier dated deeds of trust. As to Tracts 3 and 4, Kothmann
produced a substitute trustee’s deed reflecting foreclosure of another deed of trust which
was executed and filed subsequent to the execution and filing of Genesis’s deed of trust. 
Finally, Kothmann offered testimony that his attorney’s fees and costs thus far in the
litigation were established at $9,361.00 and $488.82, respectively. 
          At the conclusion of Kothmann’s case-in-chief, Genesis moved for judgment based
upon its status as the transferee of a tax lien on each of the four properties pursuant to §
32.06 and the priority granted to such a transferee under § 32.05. Kothmann objected to
any argument or testimony regarding Genesis’s asserted status as a tax lien transferee
because Genesis had filed only a general denial, thereby failing to assert its tax lien status
as an affirmative defense pursuant to Rule 94 of the Texas Rules of Civil Procedure.


 
Genesis responded that Kothmann had the burden of disproving its asserted status. The
trial court denied Genesis’s motion for judgment and took the evidentiary ruling under
advisement. 
          Subject to Kothmann’s pending evidentiary objection, the trial court permitted
Genesis to present evidence pertaining to its status as a tax lien transferee. As to each
parcel, Genesis introduced a deed of trust, dated May 27, 2004, entered into between
Genesis and the property owner. Genesis’s deeds of trust contained boilerplate legends
at the bottom of the first page of each document stating that the deed of trust was a
transfer tax lien. Genesis also introduced further documentary evidence and testimony in
support of its alleged status as a tax lien transferee.


 
          At the close of its evidence, Genesis moved for a directed verdict. Kothmann again
argued Genesis had failed to comply with all statutory elements necessary to obtain status
as the holder of a transferred tax lien and re-urged his prior objection that no active
pleading supported Genesis’s presentation of evidence regarding the transfer of any tax
lien. Genesis contended that its filing of the affidavit concerning the loss of the original tax
collector’s certification of transfer of tax lien was sufficient to establish its status as a tax
lien transferee. In addition, Genesis argued that the substitute trustee’s deed produced
by Kothmann with respect to Tracts 3 and 4 reflected the foreclosure of a deed of trust that
was recorded subsequent to Genesis’s deeds of trust on the same property. Kothmann
responded that Genesis had failed to submit evidence of the fact of any subsequent sale
of the tracts or the release of Kothmann’s prior deeds of trust dated and filed in February
2002. At the conclusion of the hearing, the trial court took the matter under advisement,
while asking for additional briefing on the evidentiary issue. 
          Four months later, on August 17, 2007, the trial court entered a judgment wherein
it sustained Kothmann’s evidentiary objection and, without directly addressing Kothmann’s
prayer for declaratory relief, permanently enjoined Genesis from foreclosing its deeds of
trust related to the four properties. On September 17, Genesis moved to have that
judgment set aside and for entry of judgment in favor of Genesis or, in the alternative, for
a new trial. Kothmann responded and, on November 7, the trial court withdrew its prior
judgment and entered a new judgment, this time finding that: (1) Genesis’s general denial
was sufficient to raise the issue of its status as the transferee of a valid tax lien, (2)
Genesis possessed transferred tax liens on the four properties that were “superior” to
Kothmann’s liens, (3) denying Kothmann’s request for a declaratory judgment, (4) denying
Kothmann’s request for a permanent injunction, and (5) ordering that Kothmann take
nothing by the suit. 
          At Kothmann’s request, the trial court entered findings of fact and conclusions of
law. In its Findings of Fact, the trial court found that, as to each parcel: (1) Kothmann held
a deed of trust dated February 1, 2002,


 (2) Genesis held a transferred tax lien dated May
27, 2004, and (3) Kothmann timely objected, under Rule 94 of the Texas Rules of Civil
Procedure, to Genesis’s offer of evidence pertaining to the transferred tax liens. In its
Conclusions of Law, the trial court overruled Kothmann’s Rule 94 objection and determined
that Genesis’s evidence relating to the transfer of tax liens was properly admitted. The
Court further held that, as to each parcel, Genesis held a “valid tax transfer lien” (without
specificity as to the source or date of that lien);


 Genesis’s liens were superior to
Kothmann’s liens; and Genesis was entitled to judgment. Thereafter, Kothmann timely
appealed the November 7 judgment.




Discussion
          Issue One – Admission of Evidence Pertaining to Lien Priority
          Kothmann asserts the trial court improperly admitted Genesis’s evidence of tax
transfer lien status because Genesis failed to plead tax transfer lien status as an
affirmative defense in its answer. Genesis contends that, because this is a declaratory
judgment proceeding in which the priority and superiority of competing liens was at issue,
its assertion of lien priority was not an affirmative defense. 
          I.        Standard of Review
          We review a trial court’s evidentiary rulings for abuse of discretion. Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 906 (Tex. 2000). A trial court abuses its
discretion when it rules without regard for any guiding rules or principles; Owens-Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998), or acts in an unreasonable or
arbitrary manner. Hur v. City of Mesquite, 893 S.W.2d 227, 234 (Tex.App.–Amarillo 1995,
writ denied). We must uphold a trial court’s evidentiary ruling if there is any legitimate
basis for the ruling. Owens-Corning, 972 S.W.2d at 43. 
 

          II.       Affirmative Defenses
          Rule 94 requires affirmative pleading of enumerated defenses and “any other matter
constituting an avoidance or affirmative defense.”


 Tex. R. Civ. P. 94. An affirmative
defense is a denial of the plaintiff’s right to judgment even if the plaintiff establishes every
allegation in its pleadings. Walzier v. Newton, 27 S.W.3d 561, 563 (Tex.App.–Amarillo
2000, no pet.); Highway Contractors, Inc. v. West Texas Equipment Co., Inc., 617 S.W.2d
791, 794 (Tex.Civ.App.–Amarillo 1981, no writ). Its pleading is necessary because a
general denial is only a negative plea that puts in issue the allegations a plaintiff is required
to prove. France v. American Indem. Co., 648 S.W.2d 283, 285 (Tex. 1983); Borders v.
KRLB, Inc., 727 S.W.2d 357, 360 (Tex.App.–Amarillo 1987, writ ref’d n.r.e.). 
          By pleading an affirmative defense, the defendant is allowed to introduce evidence
to establish an independent reason why the plaintiff should not prevail. Gorman v. Life Ins.
Co. of North America, 811 S.W.2d 542, 546 (Tex. 1991); Walzier, 27 S.W.3d at 563. An
affirmative defense does not rebut the factual propositions of the plaintiff’s pleading. Id. 
As a practical matter, Rule 94 is designed to encompass the situation where a plaintiff
cannot recover even if his claims are true because of some other fact that the defendant
has pled as a bar. Borders, 727 S.W.2d at 360. “In short, an affirmative defense is one
of avoidance, rather than a defense of denial.” Gorman, 811 S.W.2d at 546; Pulley v.
Milberger, 198 S.W.3d 418, 425 (Tex.App.–Dallas 2006, pet. denied). 
          The party asserting an affirmative defense bears the burden of pleading and proving
its elements; Quantum Chemical Corp. v. Toennies, 47 S.W.3d 473, 481 (Tex. 2001);
Compass Bank v. MFP Financial Services, Inc., 152 S.W.3d 844, 851 (Tex.App.–Dallas
2005, pet. denied), and, absent trial by consent,


 filing a general denial or failing to plead
a matter of affirmative defense will constitute waiver of that defense. Bracton Corp. v.
Evans Constr. Co., 784 S.W.2d 708, 710 (Tex.App.–Houston [14th Dist.] 1990, no writ). 
Moreover, if the affirmative defense is not pled, the trial court has no authority to make a
finding of fact on the issue. Compass Bank, 152 S.W.3d at 851. 
          To establish a prima facie case of lien superiority, as to each parcel, Kothmann was
required to plead and prove the filing and recordation of a valid lien that was prior in time
to Genesis’s lien.


 As to each parcel, Kothmann introduced a deed of trust executed and
filed prior to the execution and filing of the deed of trust through which Genesis asserted its
deed of trust lien. Accordingly, at the end of its case-in-chief, Kothmann had established a
prima facie case of entitlement to an affirmative ruling on the issue of lien priority.
            Because it had filed a general denial, Genesis then had the burden of going forward
with evidence rebutting Kothmann’s prima facie case. However, rather than rebut the
evidence underlying Kothmann’s prima facie case, Genesis sought to avoid Kothmann’s
evidence by establishing a statutory exception or independent reason why Kothmann should
not prevail, i.e., that Genesis held a valid transfer tax lien as to each parcel.


 As such,
Genesis attempted to assert an affirmative defense at trial that had been waived by the filing
of a general denial. 
           Genesis contends that its assertion of lien superiority due to its status as a tax lien
transferee is not an affirmative defense. We disagree. “Whether a particular fact is a matter
of avoidance or defense turns on the burden of proof.” Trevino v. Allstate Ins. Co., 651
S.W.2d 8, 13 (Tex.App.–Dallas 1983, writ ref’d n.r.e.). The burden of proving a statutory
exception rests on the party seeking the benefit from the exception. City of Houston v.
Jones, 679 S.W.2d 557, 559 (Tex.App.–Houston [14th Dist.] 1995, no writ). Typically, that
party will have greater access to evidence establishing the statutory elements. 
           Moreover, a recognized principle in determining the burden of proof is to place it on
the party having the peculiar knowledge of the facts to be proved; Dessommes v.
Dessommes, 505 S.W.2d 673, 679 (Tex.Civ.App.–Dallas 1974, writ ref’d n.r.e.), and, as a
general rule, it makes more sense to require a defending party to prove an affirmative act
than to require a plaintiff to prove the negative. See Cook Composites, Inc., 15 S.W.3d at
137-38; City of Houston v. Crabb, 905 S.W.2d 669, 674 (Tex.App.–Houston [14th Dist.] 1995,
no writ). Here, Genesis sought to take advantage of a statutory exception to avoid
Kothmann’s prima facie case. Genesis had greater access to the facts necessary to
establish the statutory exception and was proving an affirmative act. As a result, Genesis
bore the burden of proof as to that issue.



           Genesis also asserts that tax lien transferee status is not an affirmative defense but
an inferential rebuttal defense to a prima facie case of lien superiority. An inferential rebuttal
defense operates to rebut an essential element of the plaintiff’s case by the proof of other
facts. Dew v. Crown Derrick Erectors, Inc., 208 S.W.3d 448, 450 (Tex. 2006); Walzier, 27
S.W.3d at 564. Inferential rebuttal defenses are distinct from affirmative defenses in that an
inferential rebuttal, as the name implies, rebuts part of the plaintiff’s cause of action, while
an affirmative defense relieves the defendant of liability even if all the elements of a plaintiff’s
cause of action are established. See Moulton v. Alamo Ambulance Serv., 414 S.W.2d 444,
448 (Tex. 1967); Buls v. Fuselier, 55 S.W.3d 204, 211 (Tex.App.–Texarkana 2001, no pet.).
           Here, if Genesis established tax lien transferee status, Genesis would defeat
Kothmann’s claim to lien superiority even though Kothmann otherwise established a prior
deed of trust lien. Thus, Genesis’s assertion that tax lien transferee status is an inferential
rebuttal issue purporting to negate an element of Kothmann’s cause of action is incorrect. 
The defense interjects an independent basis for denying recovery even though Kothmann
established a prima facie case. 
           Accordingly, we find that the trial court abused its discretion by permitting Genesis to
enter evidence at trial in support of any tax lien transferee status based upon a general
denial and improperly entered judgment premised thereon. See Tex. R. Civ. P. 301 (“the
judgment shall conform to the pleadings”); Hays Consol. Independent School Dist. v. Valero
Transmission Co., 645 S.W.2d 542, 545-47 (Tex.App.–Austin 1982, writ ref’d n.r.e.). Issue
one is sustained.
          Issues Two - Validity of Genesis’s Tax Lien
          By his second issue Kothmann asserts that, even if the evidence was properly
admitted, the trial court erred in finding that Genesis’s liens were valid as tax transfer liens
because Genesis failed to comply with statutory requirements for attaining tax transfer lien
status. We agree.
          I.        Transfer of Tax Liens
          On January 1 of each year, a tax lien attaches to property to secure the payment
of all taxes, penalties, and interest ultimately imposed for the year on that property in favor
of each taxing unit having the power to tax the property. Texas Tax Code Ann. §
32.01(a)(Vernon 2008). An owner of property may authorize another person (the
“transferee”) to pay the delinquent taxes imposed by a taxing unit on that person’s
property. § 32.06(a-1).


 When the transferee pays the taxes, the tax collector issues a
tax receipt to the transferee. § 32.06(b). In addition, the tax collector is required to issue
a sworn statement (which may be combined with the tax receipt) which certifies that, as to
the subject property, the taxes, penalties, interest, and collection fees have been paid by
the transferee on behalf of the property owner and that the taxing unit’s tax lien is
transferred to the transferee. Id. The transferee of a tax lien is entitled to enforce
foreclosure of that lien in either of two ways: (1) in the manner provided by law for
foreclosure of tax liens; or (2) in the manner specified in § 51.002 of the Texas Property
Code, and § 32.065 of the Texas Tax Code, through the non-judicial foreclosure of a deed
of trust. § 32.06(c)(1) and (2).
          In 2004, § 32.06(d)


 expressly provided as follows:
(d) To be enforceable, a tax lien transferred as provided by this section must
be recorded with the sworn statement and affidavit attesting to the transfer
of tax lien as described in Subsection (b) in the deed records of each county
in which the property encumbered by the lien is located.
 
(Emphasis added). See ABN Amro Mortgage Group v. TCB Farm and Ranch Land
Investments, 200 S.W.3d 774 (Tex.App.–Fort Worth 2006, no pet.).  
          Genesis contends that, as to each parcel, it complied with the statutory
requirements of § 32.06(b) for transfer of the tax lien for the 2003 tax year. Genesis further
contends that it complied with the statutory requirements of § 32.06(c)(2) for the non-judicial foreclosure of its deed of trust. Kothmann contends that Genesis failed to comply
with the statutory requirements in several respects. In particular, Kothmann contends
Genesis did not record the sworn statement and affidavit attesting to the transfer of the tax
lien in the deed records in and for Lubbock County, as required by § 32.06(d). In
response, Genesis contends that it substantially complied with the statutory requirements
by filing a document, as to each parcel, entitled Affidavit of Any Fact, which document,
dated December 3, 2004, and recorded December 9, recites in relevant part, as follows:
On or about July 1, 2004, Genesis Tax Loan Services, Inc. deposited the
envelope containing [the tax transfer statement] in the United States Mail in
a postage prepaid envelope to the Lubbock County Clerk, ATTN: Deed
Records, 904 Broadway, Room 207, Lubbock, TX 79408. Also enclosed in
the envelope was a check in the proper amount, made payable to Doris Ruff,
Lubbock County Clerk, for recording fees from Genesis Tax Loan Services,
Inc.
Said document containing the Affidavits Authorizing the Transfer of a Tax
Lien has either been lost in the mail or lost in the Lubbock County
Courthouse building.
This Affidavit is made for the sole purpose of giving notice to the public that
the document containing the Affidavit Authorizing the Transfer of a Lien,
attached hereto as Exhibit “A”, is a true and correct copy of, along with the
best evidence of, the authorization by both the Borrower and the Lubbock
County Tax Collector of the transfer of the ad valorum (sic) taxes under
32.06 of the Texas Tax Code to Genesis Tax Loan Services, Inc.
 
          Therefore, the issue before this Court is, does this affidavit, together with the
attached copy of the tax collector’s certification of transfer of the tax lien, sufficiently
comply with § 32.06(d) to create an enforceable transfer of the 2003 tax lien? To the
knowledge of this Court, there are no appellate decisions that have heretofore answered
this question. We must, therefore, look elsewhere for guidance.
          II.       Code Construction Act
          We begin the interpretation of any statute by reference to the Texas Code
Construction Act. Tex. Govt. Code Ann. §§ 311.001-.034 (Vernon 2005). In 2004, when
Genesis filed its deed of trust and affidavit seeking to effectuate a transfer of the tax lien
securing payment of the 2003 taxes, § 32.06(d) expressly provided that, in order to be
enforceable, the transferred tax lien and the sworn statement and affidavit attesting to the
transfer, “must be recorded” in the deed records of the county where the property was
located. Pursuant to the Code Construction Act, unless the context in which the word or
phrase appears necessarily requires a different construction or unless a different
construction is expressly provided by statute, use of the term “must” creates or recognizes
a condition precedent. § 311.016(3).
          An analysis of § 32.06(d), as it existed at the time of the attempted transfer of the
2003 tax lien, clearly establishes that recordation of the tax collector’s sworn statement and
affidavit were conditions precedent to the enforceability of the lien. Although we know that
Genesis did not record the original tax collector’s sworn statement and affidavit, our inquiry
does not stop there. We must go one step further and determine whether the recordation
of a copy is a sufficient substitute for recordation of the original. For that answer, we must
delve deeper. 
          II.       Records and Recording Laws
          Recording laws are statutes requiring or permitting the recording of instruments
affecting title to real property for the primary purpose of giving notice of their contents to
the public. Grumbles v. Sneed, 22 Tex. 565, 1858 WL 5678, *8 (1858); 64 Tex.Jur.3d
Records and Recording Laws § 19 (2003). Generally, recording laws are to be strictly
construed. Adams v. Hayden, 60 Tex. 223, 1883 WL 9307, *3 (1883); 64 Tex.Jur.3d
Records and Recording Laws § 18 (2003). One of the primary purposes of recording
documents affecting the title to real property is to make information pertaining to that
property available to the general public and thus to protect persons from fraud. Because
an underlying policy of recording documents is to prevent fraud, an affidavit that the affiant
once had possession of a deed and that it has been lost is not recordable. White v.
McCullough, 120 S.W. 1093, 1098 (Tex.Civ.App.–Texarkana 1909, no writ).
          III.      Lost Documents
          To address the inevitable situation where a document affecting title to real property
is lost or destroyed before being duly recorded, the Legislature has provided a remedy. 
Chapter 19 of the Texas Civil Practice and Remedies Code sets forth the procedure
whereby a person may judicially supply parol proof of a lost record. Tex. Civ. Prac. & Rem.
Code Ann. § 19.002 (Vernon 2008). This procedure specifically applies to any
“conveyance that is required or permitted by law to be acknowledged or recorded and that
has been acknowledged or recorded.” § 19.001. The procedure requires the issuance of
citation to interested parties and service of process in the manner provided by law for civil
cases. § 19.004. Upon hearing, if the court is satisfied from the evidence of the previous
existence and content of the record and of its loss, the court shall enter an order containing
its findings and a description of its contents, which order may then be recorded, in lieu of
the original, in the proper county. § 19.005. The recorded order then has the same effect
as the original record. § 19.006. Genesis did not avail itself of this procedure.
 

          IV.      Other Methods of Supplying a Lost Record
          In addition to the procedure provided by Chapter 19 of the Texas Civil Practice and
Remedies Code, we find nothing in the applicable provisions of the Tax Code that would
prevent Genesis from requesting and filing a duplicate sworn statement and affidavit from
the tax collector. Genesis did not avail itself of this procedure either. 
          V.       Conclusion
          Strictly construing the provisions of § 32.06(d), we find that Genesis failed to file the
original documents necessary to effectuate a transfer of the tax lien. Furthermore, Genesis
did not avail itself of the remedy provided by Chapter 19 of the Texas Civil Practice and
Remedies Code, nor did it attempt to obtain and file a duplicate original. Under the record
before us, as to each parcel at issue, we find that Genesis has yet to effectively transfer
an enforceable tax lien. Whether or not Genesis’s deed of trust creates a contractual (non-tax) lien is not the issue before us and we specifically express no opinion on that issue at
this time. Issue Two is sustained.
          Issue Three - “Superiority” of Genesis’s Liens
          Finally, Kothmann asserts the trial court erred in finding Genesis’s liens were
“superior” to Kothmann’s liens. Again, we agree with the position being taken by
Kothmann.
          The Texas Constitution classifies a tax lien as an inextinguishable “special lien”
which must be paid to the sovereign taxing entity. Tex. Const. art. VIII, § 15; See Enell
Corp. v. Longoria, 834S.W.2d 132, 134 (Tex.App.–San Antonio 1992, writ denied). 
Furthermore, the principle of lien priority based upon time of filing does not apply to a tax
lien. ABN Amro Mortgage Group, 200 S.W.3d at 779. Except as provided by subsection
(c)(1) of section 32.05 of the Texas Tax Code, a provision not implicated by the facts of this
case, a tax lien on real property takes “priority” over the claim of any creditor of a person
whose property is encumbered by that tax lien. § 32.05(b)(1). Therefore, subject to those
exceptions, a valid tax lien for ad valorem taxes is always senior to and has priority over
other liens, regardless of when that lien is filed. ABN Amro Mortgage Group, 200 S.W.3d
at 779. 
          As discussed hereinabove, Genesis failed to effectively transfer the tax lien securing
the 2003 ad valorem taxes. Therefore, Genesis’s liens are not entitled to any special lien
status. As to each parcel, because the lien created by the Kothmann deed of trust was
filed prior to the deed of trust filed by Genesis, Kothmann’s deed of trust lien is senior to
and has priority over the lien, if any, created by the filing of Genesis’s deed of trust. Issue
three is sustained.
Conclusion
          Kothmann does not appeal the denial of a permanent injunction. Therefore, we
affirm that part of the trial court’s judgment denying injunctive relief. As to that part of the
trial court’s judgment rendering declaratory relief, we reverse the judgment of the trial court
and render declaratory judgment in favor of Kothmann, as follows:
(1)      As to Lot No. 235, Oak Park Addition to the City of Lubbock, Lubbock
County, Texas, Kothmann’s deed of trust recorded in Volume 6973, Page 98
of the Real Property Records of Lubbock County, Texas, is senior to and has
priority over Genesis’s deed of trust recorded in Volume 9196, Page 271 of
the Real Property Records of Lubbock County, Texas.
 
(2)      As to Lot No. 242, Oak Park Addition to the City of Lubbock, Lubbock
County, Texas, Kothmann’s deed of trust recorded in Volume 7481, Page
270 of the Real Property Records of Lubbock County, Texas, is senior to and
has priority over Genesis’s deed of trust recorded in Volume 9196, Page 283
of the Real Property Records of Lubbock County, Texas.
 
(3)      As to Lot No. 6, Taylor-Jackson Addition to the City of Lubbock, Lubbock
County, Texas, Kothmann’s deed of trust recorded in Volume 7481, Page
276 of the Real Property Records of Lubbock County, Texas, is senior to and
has priority over Genesis’s deed of trust recorded in Volume 9196, Page 279
of the Real Property Records of Lubbock County, Texas.
 
(4)      As to Lot No. 18, Sportsman Addition to the City of Lubbock, Lubbock
County, Texas, Kothmann’s deed of trust recorded in Volume 7481, Page
282 of the Real Property Records of Lubbock County, Texas, is senior to and
has priority over Genesis’s deed of trust recorded in Volume 9196, Page 275
of the Real Property Records of Lubbock County, Texas.



 
(5)      All other declaratory relief is denied.
Furthermore, we remand the issue of attorney’s fees to the trial court for further
proceedings under section 37.009 of the Texas Civil Practice and Remedies Code. See
Hartsell v. Town of Talty, 139 S.W.3d 325, 329 (Tex.App.–Dallas 2004, pet. denied). 
 
                                                                           Patrick A. Pirtle

                                                                                 Justice