NO. 07-10-00013-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



FEBRUARY
28, 2011

 



 

RANDY BROWN, APPELLANT

 

v.

 

BILL HOLMAN AND

CLAYTEX PROPERTIES, INC., APPELLEES 



 



 

 FROM THE 97TH DISTRICT COURT OF CLAY
COUNTY;

 

NO. 2008-0000187C-CV; HONORABLE VICKI ISAACS, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

OPINION

 

Appellant Randy Brown sued his employer, ClayTex Properties, Inc., alleging he sustained personal
injuries in the course and scope of employment. 
ClayTex is a non-subscriber of workers’
compensation insurance.  ClayTex moved for summary judgment alleging, among other
grounds, an act of Brown was the sole proximate cause of his injury.  The trial court granted ClayTex
a summary judgment and this appeal followed. 
We will affirm the judgment of the trial court. 

 

Background

Jack Ellis, president of ClayTex,
instructed Brown to clean out a storage building at the home of a ClayTex shareholder, Bill Holman.  Among the many items in the storage building
were several clay molds of varying weights. 
Ellis and Brown expected the job would take several days to complete.  Brown used a ClayTex
pickup truck.  

The backyard of Holman’s home is surrounded by
a three-rail fence.  The rails are
two-inch pipe, hung between brick pillars. 
The storage building is inside the fence. To avoid interfering with
Holman’s use of his driveway, Ellis instructed Brown to park the pickup truck
behind the fence.  Ellis otherwise gave
Brown no specific instructions on how to complete his task of hauling the
contents of the storage building to another location. In the course of the
work, Brown attempted to climb the fence while holding a sixty-pound clay mold
with both hands. While straddling the fence Brown lost his footing and fell
directly onto the top rail of the fence, injuring one of his testicles. 

            ClayTex moved for summary judgment on several grounds
including the defense of sole proximate cause. 
The trial court granted summary judgment without stating the ground
relied on and Brown appeals. 

Analysis

Through two issues focusing on breach of duty
by ClayTex and proximate cause, Brown asserts the
existence of an issue of material fact precluding summary judgment.  We will address Brown’s second issue,
concerning proximate cause, as it is dispositive of the appeal.

Our review of a summary judgment is de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). 
When summary judgment is granted on a traditional motion, we adhere to
the following rules:

(1)
The movant has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter
of law; (2) in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant
will be taken as true; and (3) every reasonable inference must be indulged in
favor of the nonmovant and any doubts must be
resolved in favor of the nonmovant.

 

Am.
Tobacco Co. v. Grinnell,
951 S.W.2d 420, 425 (Tex. 1997) (citing Nixon
v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548-49 (Tex. 1985)); Tex. R. Civ. P. 166a(c).  A defendant moving for summary judgment is
entitled to summary judgment if it conclusively negates one essential element
of the plaintiff’s cause of action.  Little v. Tex. Dep’t of Crim. Justice,
148 S.W.3d 374, 381 (Tex. 2004) (citing Randall’s
Food Mkts. v. Johnson, 891 S.W.2d 640, 644 (Tex.
1994)).  When the trial court does not
specify the grounds for its grant of summary judgment, “the summary judgment
should be affirmed if any of the theories advanced are meritorious.”  Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 242
(Tex. 2001) (quoting Carr v. Brasher, 776 S.W.2d 567, 569
(Tex. 1989)).  

            By traditional motion, ClayTex moved for
summary judgment on the ground that an act of Brown was the sole proximate
cause of the injury he sustained.  Brown
argues on appeal the instruction of ClayTex to park
behind the fence presents a question of material fact on causation precluding
the conclusive establishment of sole proximate cause.  

An employer that does not subscribe to the
Texas workers’ compensation insurance program foregoes certain defenses. See Tex. Lab. Code Ann. § 406.033 (West
2006).  However, a non-subscribing
employer is entitled to the defense that the actions of its employee were the
sole proximate cause of the employee’s injury.  Najera v. Great Atlantic
& Pacific Tea Co., 146 Tex. 367, 371, 207 S.W.2d 365, 367 (1948) (in non-subscriber case, finding
against injured worker on sole proximate cause issue would have prevented
recovery); Hall v. Timmons, 987
S.W.2d 248, 255 (Tex.App.—Beaumont 1999, no pet.) (non-subscribing employer may defend
on ground that employee was guilty of some act which was the sole proximate
cause of her injury).  See also Kroger Co. v. Keng, 23 S.W.3d 347, 352
(Tex. 2000) (citing Brookshire Bros. v. Wagnon, 979 S.W.2d 343, 347 (Tex.App.--Tyler
1998, pet. denied) (submitting an employee’s fault improper unless the
submission is on sole proximate cause)). 


Sole proximate cause is an inferential rebuttal
defense.  Walzier v. Newton Trucking Co.,
27 S.W.3d 561, 564 (Tex.App.--Amarillo 2000, no pet.)
(citing American
Jet., Inc. v. Leyendecker, 683 S.W.2d 121, 126 (Tex.App.--San Antonio 1984, no writ)).  “The basic characteristic of an inferential rebuttal is that
it presents a contrary or inconsistent theory from the claim relied upon for
recovery.”  Select Ins. Co. v. Boucher, 561 S.W.2d
474, 477 (Tex. 1978).  Specifically, evidence illustrating sole
proximate cause does not tend to interject an independent basis for denying
recovery for the plaintiff once he establishes a prima facie case.  Rather, it
tends to disprove an element of the plaintiff’s cause of action or the
existence of the prima facie
case.  Walzier, 27 S.W.3d at 564; Hall, 987
S.W.2d at 255 (citing Holiday Hills
Retirement and Nursing Center, Inc. v. Yeldell,
686 S.W.2d 770, 775 (Tex.App.--Fort Worth 1985), rev’d on other grounds, 701 S.W.2d. 243 (Tex.
1985)).

For ClayTex to obtain
summary judgment on the basis of sole proximate cause, it had to prove as a
matter of law that Brown’s own conduct was the only proximate cause of his
injury.  Walzier, 27 S.W.3d at 563.  Cf. Union Pump Co. v. Allbritton, 898 S.W.2d
773 (Tex. 1995), abrogated on other
grounds by Ford Motor Co. v. Ledesma, 242 S.W.3d
32, 45-46 (Tex. 2007) (summary judgment proper because the defendant’s action
was not the proximate cause of the plaintiff’s injury as a matter of law).  

Proximate cause encompasses two essential
components: a cause in fact and foreseeability.  Western Invs., Inc. v. Urena,
162 S.W.3d 547, 551 (Tex. 2005). 
Cause in fact requires the conduct of an actor is a “substantial factor
in bringing about the injury which would not otherwise have occurred.” Union Pump, 898 S.W.2d
at 775.  See also Lear Siegler,
Inc. v. Perez 819 S.W.2d at 470, 472 (Tex. 1991) (quoting Restatement
(Second) of Torts § 431 cmt. a (1965)).  The
word “substantial” in this context means, “the [actor’s] conduct has such an
effect in producing harm as to lead reasonable men to regard it as a cause.” Lear Siegler, 819 S.W.2d at 472.  Foreseeability means the actor, as a person of ordinary
prudence, should have anticipated the dangers his negligent act created.  Carr v. Jaffe Aircraft
Corp., 884 S.W.2d
797, 803 (Tex.App.--San Antonio 1994, no writ). 
The general danger of the
conduct must be foreseeable, not the precise sequence of events producing the
harm.  Id. at 804. 
Here, the general danger was that of injury to Brown from the
requirement that he negotiate the fence in some manner to load the clay molds
into the pickup.

As noted, the fence presented a
barrier between the storage building and the pickup consisting of the three
rails of two-inch diameter pipe.  Brown
acknowledged there was a gate in the fence. 
In a summary judgment affidavit, Brown stated the gate was “about eighty
feet from the storage area.” Through deposition testimony, Brown agreed that no
one from ClayTex instructed him where to park the
truck behind the fence, instructed him to climb the fence with objects for
loading, or instructed him not to use the gate for loading.  Rather, Brown was free to park the truck at
the gate for loading.  Brown also agreed
he could have lifted objects over the fence[1]
and placed them in the pickup truck or on its tailgate.[2]  ClayTex gave Brown
no time period for completing the assignment. 
Brown, however, wished to finish the job quickly, to demonstrate
diligence.  Accordingly, he chose to load
the truck by climbing over the fence.  
He testified he climbed the fence at least fifty times while loading the
pickup truck.  

Whether an intervening causal agent
was the sole proximate cause of an injury or occurrence is ordinarily a
question for the trier of fact, but it may become a
question of law if the facts are without material dispute and only one
reasonable inference may be drawn from the facts.  Fitzsimmons
v. Brake Check, Inc., 832 S.W.2d 446, 449 (Tex.App.--Houston
[14th Dist.] 1992, no writ) (finding as a matter of law sole cause of accident
was third party driver’s failure to maintain assured clear distance); Wilson v. Cincinnati, Inc., No.
07-00-0344-CV, 2001 Tex. App. Lexis 339, at *9 (Tex.App.--Amarillo
Jan. 17, 2001, no pet.) (not designated for
publication) (affirming summary judgment for product
manufacturer that non-party employer’s conduct was sole proximate cause of
employee’s injury).

            Brown’s
decision to climb over the fence with the mold is readily seen as a proximate
cause of his injury.  Claytex
did not require him to negotiate the fence in a particular manner.  He was free to choose to load the truck over
or through the fence rails, or at a gate. 
He chose to scale the fence while carrying the clay mold in both hands.[3]  While straddling the fence, he slipped and
sustained the injury of which he complains. 
The summary judgment record conclusively establishes that the injury
would not have occurred but for his climbing the fence,
and a person of ordinary prudence
would have anticipated the danger of slipping while scaling the pipe fence with a heavy object
held in both hands.  See International-Great N. R.
R. Co. v. Lowry, 132 Tex. 272, 278-80, 121 S.W.2d 585, 588-89 (1938) (in
F.E.L.A. case, foreseeable cause of railroad employee’s personal injuries was
not employer’s failure to stop train carrying employee at worksite as
requested; rather, sole proximate cause of employee’s personal injuries was his
independent decision to jump from moving train when it failed to stop at
worksite). 

Affirmance of the trial court’s summary
judgment, however, requires us to conclude Brown’s conduct was the sole
proximate cause of his injury.  See First Assembly of God,
Inc. v. State Utils. Elec. Co., 52 S.W.3d
482, 493 (Tex.App.--Dallas 2001, no pet.)
(quoting Goolsbee v. Tex. &
N.O.R. Co., 150 Tex. 528, 533, 243 S.W.2d 386, 388 (1951)) (“‘Sole
proximate cause’ means the ‘only’ proximate cause”); Cincinnati, Inc., 2001 Tex. App. Lexis 339, at *9 (summary judgment
record supported only one reasonable inference, that non-party’s conduct was
sole proximate cause of plaintiff’s injuries). 
In Lowry, the court held that
the employer railroad’s failure to stop the train to allow its employee Lowry
to depart at his worksite, though a factor in bringing about the injury he
suffered when he jumped from the moving train, was not
a proximate cause of the injury because his action was not foreseeable.  121 S.W.2d at 588.  What was foreseeable, the court said, was
that Lowry would have been inconvenienced and delayed by his employer’s failure
to stop to permit him to depart, not that he would decide to jump from the
train rather than delay his work.  Id. 
We find the analysis applicable here. 
The foreseeable consequences of Ellis’s instruction to Brown to park the
pickup behind the fence were inconvenience and delay, not that his chosen
method of negotiating the fence would lead to his injury.  Indulging every reasonable evidentiary
inference favoring Brown, and resolving any doubts in his favor, we nonetheless
conclude the undisputed evidence conclusively establishes that Brown’s actions
were the sole proximate cause of his injury. 
Accordingly, the trial court did not err by granting summary judgment to
Claytex.  

We overrule Brown’s second
issue.  Because doing so requires that we
affirm the judgment, discussion of his first issue is unnecessary to
disposition of the appeal.  Tex. R. App.
P. 47.1.  The trial court’s judgment is affirmed.


 

                                                                                                James
T. Campbell

                                                                                                            Justice

 











[1] The summary judgment record contains varying evidence
concerning the weight of the clay molds. 
Ellis testified the smaller molds weighed as little as two or three
pounds, and the heaviest molds no more than twenty-five pounds.  For purposes of our review, we accept Brown’s
testimony that the mold he carried when he slipped weighed about sixty
pounds.  Our opinion would be unchanged
whether the mold weighed twenty-five or sixty pounds. 

 





[2] The summary judgment record does not establish the
height of the rails of the fence. 
Photographs depicting a pickup truck parked behind the fence show the
bottom rail at a height about mid-way between the ground and the top of the
truck’s tires; the middle rail at about the height of the truck’s rear bumper;
and the top rail at a height several inches above the truck’s extended tailgate
but well below the top of the sidewalls of its cargo area. 





[3] Brown agreed during his deposition testimony that
while he had climbed such a fence before carrying a fishing
pole and tackle box, on this occasion he was “overweighted.”