NO. 07-10-00508-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
9, 2011

 



 

LESHAWN MCREYNOLDS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 60,114-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

ORDER
OF ABATEMENT AND REMAND

Appellant, Leshawn
McReynolds, filed a notice of appeal from his placement on ten years deferred
adjudication community supervision for possession of a controlled substance,
marijuana.  On January 19, 2011, this
Court received a request from the trial court clerk for extension of time to
file the clerk’s record.  This motion
indicated that appellant has not paid or made arrangements to pay for the
clerk’s record nor has an attorney “appeared” on the case for appeal.  On that same date, this Court granted the
clerk’s request for extension, and sent separate notice to appellant regarding
his failure to pay for or make arrangements to pay for the clerk’s record.  Further, this Court notified appellant that,
if this Court did not receive the clerk=s record or a certification from the clerk or appellant that
the record had been paid for or that satisfactory arrangements had been made
for the preparation of the record by February 21, 2011, this Court may dismiss
the appeal for want of prosecution.  See
Tex. R. App. P. 37.3(b).  We have not received the clerk’s record and,
in fact, received another request for extension of time to file the clerk’s
record, which again indicates that appellant has not paid or made arrangements
to pay for the clerk’s record nor has an attorney “appeared” on the case for
appeal.  

Additionally, appellant’s notice of
appeal was submitted by Darrell R. Carey. 
Carey expresses appellant’s desire to appeal, and indicates that he was
trial counsel for appellant.  However,
Carey also states that he “has not been appointed or retained on the
appeal.”  In this Court’s January 19,
2011 correspondence, we expressly informed Carey that as the attorney whose
signature first appears on appellant’s notice of appeal, Carey is properly
designated as lead counsel for appellant in this appeal.  See Tex.
R. App. P. 6.1.  We also expressly
informed Carey that, to the extent that the notice of appeal was intended to
constitute a nonrepresentation notice, it is
deficient.  See Tex. R. App. P. 6.4.  Finally, we noted that Carey’s statement in
the notice of appeal could not be construed to constitute a motion to withdraw,
see Tex. R. App. P.
6.5(a), (b), and that nothing in the record available to the Court indicates
that the trial court had permitted Carey to withdraw from continued
representation of appellant.  

Because
the clerk’s record has not yet been filed and due to the confusion regarding
representation of appellant on appeal, we now abate this appeal and remand the
cause to the trial court.  See Tex. R. App. P. 37.3(a)(2).  Upon remand,
the judge of the trial court is directed to immediately cause notice to be
given of and to conduct a hearing to determine: (1) whether appellant desires
to prosecute this appeal; (2) if appellant desires to prosecute this appeal,
whether appellant is indigent; (3) if appellant is indigent and desires to
prosecute the appeal, whether he is entitled to have the appellate record
furnished without charge; (4) whether present counsel for appellant has
abandoned the appeal; (5) if appellant desires to prosecute this appeal and is
indigent, whether appellant=s present counsel should be replaced;
and (6) what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant=s appeal if appellant does not desire
to prosecute this appeal or, if appellant desires to prosecute this appeal, to
assure that the appeal will be diligently pursued.  If the trial court determines that the
present attorney for appellant should be replaced, the trial court should cause
the Clerk of this Court to be furnished the name, address, and State Bar of
Texas identification number of the newly-appointed or newly-retained
attorney.  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
In the absence of a request for extension of time from the trial court,
the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than April 4, 2011.

 

Per Curiam

Do not publish.

 

 






 actions of its employee were the
sole proximate cause of the employee’s injury.  Najera v. Great Atlantic
& Pacific Tea Co., 146 Tex. 367, 371, 207 S.W.2d 365, 367 (1948) (in non-subscriber case, finding
against injured worker on sole proximate cause issue would have prevented
recovery); Hall v. Timmons, 987
S.W.2d 248, 255 (Tex.App.—Beaumont 1999, no pet.) (non-subscribing employer may defend
on ground that employee was guilty of some act which was the sole proximate
cause of her injury).  See also Kroger Co. v. Keng, 23 S.W.3d 347, 352
(Tex. 2000) (citing Brookshire Bros. v. Wagnon, 979 S.W.2d 343, 347 (Tex.App.--Tyler
1998, pet. denied) (submitting an employee’s fault improper unless the
submission is on sole proximate cause)). 


Sole proximate cause is an inferential rebuttal
defense.  Walzier v. Newton Trucking Co.,
27 S.W.3d 561, 564 (Tex.App.--Amarillo 2000, no pet.)
(citing American
Jet., Inc. v. Leyendecker, 683 S.W.2d 121, 126 (Tex.App.--San Antonio 1984, no writ)).  “The basic characteristic of an inferential rebuttal is that
it presents a contrary or inconsistent theory from the claim relied upon for
recovery.”  Select Ins. Co. v. Boucher, 561 S.W.2d
474, 477 (Tex. 1978).  Specifically, evidence illustrating sole
proximate cause does not tend to interject an independent basis for denying
recovery for the plaintiff once he establishes a prima facie case.  Rather, it
tends to disprove an element of the plaintiff’s cause of action or the
existence of the prima facie
case.  Walzier, 27 S.W.3d at 564; Hall, 987
S.W.2d at 255 (citing Holiday Hills
Retirement and Nursing Center, Inc. v. Yeldell,
686 S.W.2d 770, 775 (Tex.App.--Fort Worth 1985), rev’d on other grounds, 701 S.W.2d. 243 (Tex.
1985)).

For ClayTex to obtain
summary judgment on the basis of sole proximate cause, it had to prove as a
matter of law that Brown’s own conduct was the only proximate cause of his
injury.  Walzier, 27 S.W.3d at 563.  Cf. Union Pump Co. v. Allbritton, 898 S.W.2d
773 (Tex. 1995), abrogated on other
grounds by Ford Motor Co. v. Ledesma, 242 S.W.3d
32, 45-46 (Tex. 2007) (summary judgment proper because the defendant’s action
was not the proximate cause of the plaintiff’s injury as a matter of law).  

Proximate cause encompasses two essential
components: a cause in fact and foreseeability.  Western Invs., Inc. v. Urena,
162 S.W.3d 547, 551 (Tex. 2005). 
Cause in fact requires the conduct of an actor is a “substantial factor
in bringing about the injury which would not otherwise have occurred.” Union Pump, 898 S.W.2d
at 775.  See also Lear Siegler,
Inc. v. Perez 819 S.W.2d at 470, 472 (Tex. 1991) (quoting Restatement
(Second) of Torts § 431 cmt. a (1965)).  The
word “substantial” in this context means, “the [actor’s] conduct has such an
effect in producing harm as to lead reasonable men to regard it as a cause.” Lear Siegler, 819 S.W.2d at 472.  Foreseeability means the actor, as a person of ordinary
prudence, should have anticipated the dangers his negligent act created.  Carr v. Jaffe Aircraft
Corp., 884 S.W.2d
797, 803 (Tex.App.--San Antonio 1994, no writ). 
The general danger of the
conduct must be foreseeable, not the precise sequence of events producing the
harm.  Id. at 804. 
Here, the general danger was that of injury to Brown from the
requirement that he negotiate the fence in some manner to load the clay molds
into the pickup.

As noted, the fence presented a
barrier between the storage building and the pickup consisting of the three
rails of two-inch diameter pipe.  Brown
acknowledged there was a gate in the fence. 
In a summary judgment affidavit, Brown stated the gate was “about eighty
feet from the storage area.” Through deposition testimony, Brown agreed that no
one from ClayTex instructed him where to park the
truck behind the fence, instructed him to climb the fence with objects for
loading, or instructed him not to use the gate for loading.  Rather, Brown was free to park the truck at
the gate for loading.  Brown also agreed
he could have lifted objects over the fence[1]
and placed them in the pickup truck or on its tailgate.[2]  ClayTex gave Brown
no time period for completing the assignment. 
Brown, however, wished to finish the job quickly, to demonstrate
diligence.  Accordingly, he chose to load
the truck by climbing over the fence.  
He testified he climbed the fence at least fifty times while loading the
pickup truck.  

Whether an intervening causal agent
was the sole proximate cause of an injury or occurrence is ordinarily a
question for the trier of fact, but it may become a
question of law if the facts are without material dispute and only one
reasonable inference may be drawn from the facts.  Fitzsimmons
v. Brake Check, Inc., 832 S.W.2d 446, 449 (Tex.App.--Houston
[14th Dist.] 1992, no writ) (finding as a matter of law sole cause of accident
was third party driver’s failure to maintain assured clear distance); Wilson v. Cincinnati, Inc., No.
07-00-0344-CV, 2001 Tex. App. Lexis 339, at *9 (Tex.App.--Amarillo
Jan. 17, 2001, no pet.) (not designated for
publication) (affirming summary judgment for product
manufacturer that non-party employer’s conduct was sole proximate cause of
employee’s injury).

            Brown’s
decision to climb over the fence with the mold is readily seen as a proximate
cause of his injury.  Claytex
did not require him to negotiate the fence in a particular manner.  He was free to choose to load the truck over
or through the fence rails, or at a gate. 
He chose to scale the fence while carrying the clay mold in both hands.[3]  While straddling the fence, he slipped and
sustained the injury of which he complains. 
The summary judgment record conclusively establishes that the injury
would not have occurred but for his climbing the fence,
and a person of ordinary prudence
would have anticipated the danger of slipping while scaling the pipe fence with a heavy object
held in both hands.  See International-Great N. R.
R. Co. v. Lowry, 132 Tex. 272, 278-80, 121 S.W.2d 585, 588-89 (1938) (in
F.E.L.A. case, foreseeable cause of railroad employee’s personal injuries was
not employer’s failure to stop train carrying employee at worksite as
requested; rather, sole proximate cause of employee’s personal injuries was his
independent decision to jump from moving train when it failed to stop at
worksite). 

Affirmance of the trial court’s summary
judgment, however, requires us to conclude Brown’s conduct was the sole
proximate cause of his injury.  See First Assembly of God,
Inc. v. State Utils. Elec. Co., 52 S.W.3d
482, 493 (Tex.App.--Dallas 2001, no pet.)
(quoting Goolsbee v. Tex. &
N.O.R. Co., 150 Tex. 528, 533, 243 S.W.2d 386, 388 (1951)) (“‘Sole
proximate cause’ means the ‘only’ proximate cause”); Cincinnati, Inc., 2001 Tex. App. Lexis 339, at *9 (summary judgment
record supported only one reasonable inference, that non-party’s conduct was
sole proximate cause of plaintiff’s injuries). 
In Lowry, the court held that
the employer railroad’s failure to stop the train to allow its employee Lowry
to depart at his worksite, though a factor in bringing about the injury he
suffered when he jumped from the moving train, was not
a proximate cause of the injury because his action was not foreseeable.  121 S.W.2d at 588.  What was foreseeable, the court said, was
that Lowry would have been inconvenienced and delayed by his employer’s failure
to stop to permit him to depart, not that he would decide to jump from the
train rather than delay his work.  Id. 
We find the analysis applicable here. 
The foreseeable consequences of Ellis’s instruction to Brown to park the
pickup behind the fence were inconvenience and delay, not that his chosen
method of negotiating the fence would lead to his injury.  Indulging every reasonable evidentiary
inference favoring Brown, and resolving any doubts in his favor, we nonetheless
conclude the undisputed evidence conclusively establishes that Brown’s actions
were the sole proximate cause of his injury. 
Accordingly, the trial court did not err by granting summary judgment to
Claytex.  

We overrule Brown’s second
issue.  Because doing so requires that we
affirm the judgment, discussion of his first issue is unnecessary to
disposition of the appeal.  Tex. R. App.
P. 47.1.  The trial court’s judgment is affirmed.


 

                                                                                                James
T. Campbell

                                                                                                            Justice

 











[1] The summary judgment record contains varying evidence
concerning the weight of the clay molds. 
Ellis testified the smaller molds weighed as little as two or three
pounds, and the heaviest molds no more than twenty-five pounds.  For purposes of our review, we accept Brown’s
testimony that the mold he carried when he slipped weighed about sixty
pounds.  Our opinion would be unchanged
whether the mold weighed twenty-five or sixty pounds. 

 





[2] The summary judgment record does not establish the
height of the rails of the fence. 
Photographs depicting a pickup truck parked behind the fence show the
bottom rail at a height about mid-way between the ground and the top of the
truck’s tires; the middle rail at about the height of the truck’s rear bumper;
and the top rail at a height several inches above the truck’s extended tailgate
but well below the top of the sidewalls of its cargo area. 





[3] Brown agreed during his deposition testimony that
while he had climbed such a fence before carrying a fishing
pole and tackle box, on this occasion he was “overweighted.”