LEOPOLDO NAJERA V. THE GREAT ATLANTIC & PACIFIC TEA COMPANY.

No. A-1349. Decided January 7, 1948.
Rehearing overruled February 4, 1948.
(207 S. W., 2d Series, 365.)

368

*James K. Byers,* of Dallas, for petitioner.

*John Touchstone,* of Dallas, for respondent.

MR. JUSTICE SIMPSON delivered the opinion of the Court.

Leopoldo Najera sued The Great Atlantic & Pacific Tea Company for $2,500.00 in damages for an injury he sustained while working in a baking plant operated by the Company in Dallas. The trial court entered judgment for Najera upon a jury verdict for $500.00, but the Dallas Court of Civil Appeals concluded as a matter of law that the mishap causing the injury was not, from the Company's viewpoint, reasonably foreseeable, and, moreover, was due solely to Najera's own negeligence. Accordingly, it reversed the judgment of the district court and rendered one in favor of the Company. 203 S. W. (2d) 577. The jury found in substance that one Raley, a fellow servant, had negligently opened a door with which Najera collided and was injured, and that this negligence proximately caused the injury. It also found that Najera failed to keep a proper lookout for his own safety but that this failure was not the sole proximate cause of his injury, and that the occurrence was not an unavoidable accident.

■ The Company had three or more employees at the time but was not a subscriber under the Texas Workmen's Compensation Law, and for these reasons was deprived of the defenses of contributory negeligence, assumed risk, and negeligence of a fellow employee. Still, it was necessary, if Najera was to recover, for him to prove that the Company's servant, acting within the scope of his employment, was negligent and that this negligence proximately resulted in the injury. Art. 8306, sec. 1, R. S.; Western Union Telegraph Co. v. Coker, 146 Texas 190, 204 S. W. (2d) 977. We have reached the conclusion that the jury's findings in Najera's favor are not, as a matter of law, without support in the evidence, and that the Court of Civil Appeals fell into error in reversing and rendering the judgment of the district court.,

When Najera was injured, he was walking backward pulling a truck or rack on wheels, loaded with bread pans, and his right hand struck an iron latch on a door which Raley had just opened. This door led off of a narrow hallway barely wide

enough for the truck to get through and into what was called a "proof box," which was kept warm enough to make the dough rise before it went into the ovens. The empty pans were greased, then filled with dough, and afterwards trucked into the proof box. It was Raley's duty to open the doors into this box so the truck, when loaded with dough, could enter, and it is inferable that it was also his duty to keep the doors closed at other times to maintain a proper temperature in the proof room. Now Raley testified that the door with which Najera collided had been open "just for the matter of a short time" before the injury occurred; that Najera was walking backward pulling a truck loaded with filled dough pans ready to go into the proof box, and that he had opened the door to let Najera get the truck inside. If this was the case, Raley properly opened the door to let Najera in. But Najera testified that the pans on his truck were empty at the time, in which event the truck would have had no business in the proof room but should have been rolled on past the door Raley opened, through the narrow hallway to the place where the pans were to be filled with dough; and under these circumstances Raley should have kept the door closed.

Other evidence shows without dispute that Najera was not looking where he was going when he was injured, and he testied that there was nothing wrong with the floor, the lights, or the door. He explained that the wheels of the truck spun freely in every direction, making it hard to guide by pushing, so he was pulling the truck the better to manage it.

■ The Court of Civil Appeals held that the district court erred in failing to instruct a verdict in favor of the Company. The district court, as has been noted, submitted the cause to a jury, which answered the special issues propounded in Najera's favor. Under the circumstances, the evidence must be viewed most favorably to his version of the occurrence. And unless the evidence was of such a character that there was no room for reasonable minds to differ as to the conclusions to be drawn from it, the court would not have been warranted in peremptorily directing a verdict. Kirksey v. Southern Traction Co., 110 Texas 190, 217 S. W. 139; Lockley v. Page, 142 Texas 594, 180 S. W. (2d) 616; Reed v. Markland (Tex. Civ. App.) 173 S. W. (2d) 346, error refused.

■ Applying these principles, the case resolves itself into a very simple situation. The conclusion is reasonably to be deduced from the evidence, when viewed most favorably to Najera's version of it, that Raley opened the door when he ought

to have left it closed; that he saw Najera walking backwards, not looking where he was going, pulling a truck loaded with empty bread pans through the narrow hallway, and, knowing that Najera was not going into the proof room, nevertheless opened the proof box door, with the result that Najera ran into it and was injured. If Raley opened the door under these circumstances, his act was a clear departure from a proper performance of his duty and presented a situation from which the jury was warranted in concluding, as it did, that the act amounted to negligence and proximately resulted in Najera's injury. It was entirely reasonable for the jury to conclude that Raley knew and foresaw, or in the exercise of ordinary care should have known and foreseen, that if he opened the door when he ought to have left it closed, Najera might back into it and get hurt. The district court correctly ruled that these were matters for the jury to decide.

■ The jury also convicted Najera of negligence, but found it not to have been the sole proximate cause of his injury. A finding against Najera on this issue of sole proximate cause would have prevented a recovery. Gulf States Utilities Co. v. Moore, 129 Texas 604, 106 S. W. (2d) 256. This matter of sole proximate cause is, like other controverted fact issues, ordinarily one to be submitted to the jury. Liberty Film Lines v. Porter, 136 Texas 49, 146 S. W. (2d) 982. The finding here that Najera's negligence was not the sole proximate cause of his injury is consistent with and supported by the same testimony to which the jury gave credence in finding Raley guilty of negligence proximately resulting in the mishap. Here again, the district court properly ruled that a jury issue was presented by the evidence.

■ As has been observed, the judgment of the trial court was reversed and judgment was rendered by the Court of Civil Appeals in favor of the Company. There were proper assignments by the Company in the Court of Civil Appeals, not only that the verdict was not supported by any evidence, but also that the evidence was wholly insufficient to sustain the jury's findings. The finding by the Court of Civil Appeals of no evidence includes the lesser finding that the evidence was in sufficient to support the verdict; and the insufficiency of the evidence having thus been presented by proper assignments in the Court of Civil Appeals, this case must be remanded to the district court for a new trial. Liberty Film Lines v. Porter, supra; Lowry v. Anderson-Berney Bldg. Co., 139 Texas 29, 161 S. W. (2d) 459;

State v. Birdette, 139 Texas 357, 162 S. W. (2d) 932; State v. Gray, 141 Texas 604, 175 S. W. (2d) 224.

The judgment of the Court of Civil Appeals, which reversed and rendered judgment of the trial court, is reversed, and the cause is remanded to the district court for a new trial.

Opinion delivered January 7, 1948.

Rehearing overruled February 4, 1948.