### BLAKE v. ROGERS.

#### No. 4752.

Court of Civil Appeals of Texas. El Paso.

Oct. 4, 1950.

Rehearings Denied Oct. 26, 1950.

458

R. A. D. Morton, H. E. Brockmoller, El Paso, for appellant.

Andress, Lipscomb & Peticolas, El Paso, for appellee.

McGILL, Justice.

In a trial before a jury in the 41st Judicial District Court of El Paso County, appellee recovered a judgment against appellant for damages for the death of her husband and for personal injuries to herself resulting from a collision between appellant's automobile, driven by him and in which appellee and her husband were riding as guests, and another automobile driven by John D. (Jack) Sammons.

At the close of plaintiff's evidence and again at the close of all the evidence appellant requested a peremptory instruction in his favor, which was refused. He also filed a motion for judgment non obstante, which was overruled.

The principal point presented by this appeal is that there is no evidence to sustain the jury findings of gross negligence on the part of appellant.

The collision occurred at about nine o'clock P.M. the night of July 31, 1949, at the intersection of Alabama and Richmond Streets in the city of El Paso, Texas. Alabama Street runs approximately north and south and is a thoroughfare or "through street"; Richmond Street runs approximately east and west and intersects Alabama at an approximate right angle. At the time of the collision there was a stop sign at the northeast corner of the intersection which under a city ordinance required all traffic proceeding west on Richmond Street to come to a stop before entering Alabama Street.

Appellant and his wife and appellee and her husband were friends. They were members of the same church. At about four o'clock in the morning of July 31, 1949, appellant and his wife left their home which is in another part of the city, in their Chevrolet automobile, and went to the home of appellee and her husband at 2418 Louisville Street, which is about one block south of Richmond Street, and one block west of Alabama Street. They there picked up appellee and her husband and drove them to the home of a Mr. Foster in the lower valley, and all the parties went in Mr. Foster's car a distance of about 200 miles to the Paisano Encampment in the Davis Mountains. They returned that evening and appellant and his wife and appellee and her husband transferred to appellant's car and were proceeding towards appellee's home when the collision occurred. Appellant had driven west on Sacramento Street, which is several blocks north of Richmond, until he came to within one block of Alabama. He then turned south on an unpaved street and proceeded south until he entered Richmond one block from Alabama. He then drove west on Richmond and entered Alabama where he was struck by a Ford coupe driven by John D. (Jack) Sammons, Jr. This car was traveling south on Alabama Street. Alabama Street as it approaches its intersection with Richmond from the north is on a down grade, Richmond Street is on a slight up grade as it approaches its intersection with Alabama from the east.

The specific acts of negligence alleged are:

"(1) That as Defendant drove and operated his automobile westerly on Richmond Street at said time and place, Defendant knew that Alabama Street was a through street or thoroughfare under the laws and ordinances of the City of El Paso, Texas, at which vehicles were required to stop and yield right-of-way to vehicles traveling in either direction on Alabama Street, and that there was apparent to Defendant at said time and place at said intersection, a

regulation 'Stop' sign, giving Defendant express notice of said law and ordinance and of his duty to stop and yield right-of-way, but that Defendant, with gross negligence and heedless and reckless disregard of the rights of others, failed to so stop his vehicle, but instead drove his vehicle, without stopping, into said intersection where said vehicle was struck, contrary to the traffic ordinances of the City of El Paso, and contrary to the Uniform Act Regulating Traffic on Highways, Article 6701d, Subdivision 32.

"(2) That as Defendant drove and operated his automobile westerly on Richmond Street at said time and place Defendant knew that Alabama Street was a through street or thoroughfare under the laws and ordinances of the City of El Paso, Texas, at which vehicles were required to stop and yield right-of-way to vehicles traveling in either direction on Alabama Street, and that there was apparent to defendant at said time and place at said intersection, a regulation 'Stop' sign, giving Defendant express notice of said law and ordinance and of his duty to stop and yield right-of-way, but Defendant, with gross negligence, and in heedless and reckless disregard of the rights of others, failed to yield to the other vehicle or vehicles on Alabama Street the right-of-way at said intersection, contrary to the traffic ordinances of the City of El Paso, and contrary to the Uniform Act Regulating Traffic on Highways, Article 6701d, Subdivisions 32 and 33.

"(3) That the Defendant, at said time and place, with gross negligence and heedless and reckless disregard of the rights of others, failed to keep a proper look-out for other vehicle or vehicles approaching said intersection at said time."

■ Viewing the evidence as we must in the light most favorable to the verdict, and disregarding all evidence to the contrary, Najera v. Great Atlantic & Pacific Tea Co., 146 Tex. 367, 207 S.W.2d 365, the question arises whether the findings of gross negligence find any support in the evidence. These findings are defendant's failure to stop his automobile at the stop sign before entering the intersection of Richmond and Alabama Streets; defendant's failure to yield the right of way to the automobile driven by Sammons which was approaching the intersection as defendant entered it so closely as to constitute an immediate hazard; defendant's failure to keep a lookout for other vehicles approaching the intersection each and all constitute gross negligence of defendant.

As we view the evidence the strongest facts in support of the verdict are that defendant drove his car west on Richmond Street at a speed of from 25 to 30 miles per hour; that he knew that Alabama Street was a thoroughfare or through street requiring all vehicles proceeding west on Richmond to come to a stop before entering Alabama; that he saw the stop sign at the northeast corner of the intersection and that he failed to come to a stop before entering Alabama, but entered Alabama without slackening his speed; that he could have seen the lights on Sammons' car as it approached the intersection had he been looking in the direction from which the Sammons car was approaching.

Appellee testified on cross-examination that appellant had been driving in a careful manner as he approached the intersection on Richmond Street; that he had been a little confused about getting on the wrong street and her husband had mentioned that Richmond was the street; that there was nothing in appellant's manner of driving along Richmond that caused anyone to warn him or make any comment or to create any fear on her part; that he was going as usual at a moderate rate of speed which she estimated at 25 miles an hour. Sammons testified that the speed of appellant's car when it entered the intersection was approximately the same as the speed of his own car, which he estimated at from 25 to 30 miles per hour. Ruby Wilson, an occupant of the Sammons car, testified that appellant's car was white and shot out in front of Sammons' car "like a white streak" but she did not attempt to estimate the speed of appellant's car. Vogel, the police officer who investigated the accident, testified that he found no evidence of excessive speed of either car.

It is conceded by all parties that this case is controlled by the provisions of Chapter 225, Acts Regular Session of 42nd Legislature, pages 379–380, known as the "Guest Statute", Art. 6701b, Vernon's Ann.Civ.St. The pertinent part of this Article, Section 1, reads as follows: "Section 1. No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

There is no contention, nor could there be any plausible contention under this record, that the accident was intentional on the part of appellant. In the case of Linn v. Nored, Tex.Civ.App., 133 S.W.2d 234, 238, it is said: "There must be something of a continued or persistent course of action in order to constitute heedless and reckless disregard of the rights of others or gross negligence." This authority was quoted with approval by the Supreme Court in Bowman v. Puckett, 144 Tex. 125, 188 S.W. 2d 571 and in McCarty v. Moss, Tex.Civ. App., 225 S.W.2d 883, Wr.Ref. We find no evidence of a continued or persistent course of action on the part of appellant evidencing a conscious indifference "to the rights or welfare of the person or persons to be affected by it," and it is our conclusion that the court erred in refusing to grant defendant's motion for a peremptory instruction and in overruling his motion for judgment non. obstante. Bowman v. Puckett, supra; McCarty v. Moss, supra. If there was any such conscious indifference on the part of appellant, it consisted of his acts in entering Alabama Street without stopping, knowing that Alabama Street was a thoroughfare or stop street, and failing to keep a proper lookout and to yield the right of way to Sammons' car. Failure to stop, of course, was negligence per se, which has been said to constitute nothing more than ordinary negligence. Glassman v. Feldman, Tex.Civ.App., 106 S.W.2d 721, loc. cit. 723. The tragic death of appellee's husband and the serious, painful and permanent injuries suffered by her no doubt awakened the sympathy of the jury, as it has that of every member of this court, but in the words of Judge Hickman in Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022, 1025: "To permit findings of gross negligence to stand under these facts would be to permit a jury to treat the language of our guest statute as dead words." We realize that our conclusion may be out of harmony with decisions of other jurisdictions in which the owner of a motor vehicle was found to be guilty of gross negligence under Guest Statutes similar to ours, but we think our conclusion conforms to the decisions of this State. We are unwilling to hold as a matter of law that there cannot be gross negligence or heedlessness or reckless disregard of the rights of others on the part of the operator of a motor vehicle who, knowing that a street is a thoroughfare or "stop street" which requires all motor vehicles to come to a stop before entering same, disregards such stop sign and enters such thoroughfare without slackening his speed, although such speed is not excessive. We think it would depend somewhat on the condition of traffic on the thoroughfare at the time and place in question and on the operator's knowledge of such condition. The case has not been fully developed in this respect and therefore the judgment will be reversed and the cause remanded for a new trial, rather than a judgment here rendered for appellant. We have carefully considered all of appellant's other points and find them without merit and same are overruled.

Reversed and remanded.