LOTTINGER, Judge.
This is a tort action which is before us on an appeal taken by the plaintiff from a judgment of the Lower Court which dismissed his suit.
The petition alleges that on May 6, 1957 plaintiff was a passenger on a bus operated by Southeast Greyhound Lines, having traveled from Baton Rouge to Covington, Louisiana. It is set forth that after having arrived at The Southern Hotel in Covington, plaintiff alighted from the bus and was in the process of making his way to a waiting bench situated on the west side of the hotel building when he stumbled upon some freight which had been piled in the pathway by either employees of Greyhound or the hotel. Negligence is charged against Greyhound and the hotel as follows: (1) in allowing the freight to be piled negligently on the pavement, (2) in not allowing enough room for safe passage between the freight and hotel steps, (3) in not taking proper precaution to see that persons would not stumble over the freight and, (4) in not exercising due caution in making the premises safe. Joined as defendants are Southeast Greyhound Lines and Aetna Casualty and Surety Company, the latter being the liability insurer of the owners of The Southern Hotel.
The answer of Greyhound denied all material allegations of the petition and averred that the contract of carriage had terminated. In the alternative, contributory negligence was pleaded against the plaintiff in not paying attention and in not seeing that which he had alleged to be in plain view. The answer of Aetna was likewise in the nature of a general denial. Further, it set forth that the cause of the accident was plaintiff’s negligence in failing to maintain a proper look-out and to take proper precaution for his own safety. Alternatively, the doctrines of contributory negligence and assumption of risk were pleaded.
A third party petition filed by Greyhound set forth that if any freight was placed upon *853 the premises same was so placed by employees of The Southern Hotel, and that, if there was any liability to the original plaintiff, Aetna was responsible therefor. Alternatively, it was pleaded that if Greyhound were to be held liable, it should be entitled to recover from Aetna any amounts it be condemned to pay plaintiff, and, further in the alternative, it was set forth that should both defendants be held liable in solido Greyhound should have judgment against Aetna for one-half of the amount of the judgment.
Aetna’s answer to the third party petition ■denied any liability on its part whatever and further set forth that Greyhound’s petition was not a third party petition, properly ■speaking, but a call in warranty which was improper as there was no privity of contract between it and Greyhound.
The case involves a factual issue •only which was resolved by the trial judge as follows:
“The facts in this case show on May 6, 1957, at about the hour of 6:00 P.M., at which time it was daylight, the Southeastern Greyhound Lines’ bus from Baton Rouge arrived at the Southern Hotel building, its regular stop, for the purpose of the discharge of the passengers thereon. The evidence shows that the bus stop is on the west side of said Southern Hotel building, that there are steps leading from this building, and it is usual for the busses to stop flush with these steps for the discharge of passengers. Immediately north of the steps there is a walkway some four feet in width, and at a distance twelve feet north of the steps is what is known as a waiting bench for the use of the traveling public. About half way between the steps and the waiting bench on the north there was on the date of this accident certain freight stacked up in a pile a distance of about six feet north of the steps, and of course, six feet south of .the waiting bench. When the Greyhound bus parked immediately adj acent to the steps it was facing in a northeasterly direction, the plaintiff alighted from the bus, and either he or the driver of said bus shut the door in order for the plaintiff to proceed toward the waiting bench. The evidence shows the plaintiff was crippled and was using crutches at the time; he proceeded toward the bench and when he came to the pile of freight consisting of an automobile wheel on the top thereof, either his knee or one of his crutches hit this automobile wheel and he fell to the pavement on his knees, bruising them, causing the alleged injuries which form the basis of this suit.
“While the evidence shows it was the usual custom for freight to be stacked on the outside of the building, both for delivery in Covington and for delivery from one bus to another, there is no evidence in this record to show who actually placed this freight at the point in question — as a matter of fact, the Greyhound bus had just arrived and the driver stated that the freight had not been unloaded therefrom, and an employee of the hotel, a porter, Henry Fredericks, testified when the hotel employees unloaded the freight they placed it at the south rather than the north end of the said steps. Thus, it is not established from the testimony in the record as to who placed the pile of freight on the walkway prior to this accident.
“There can be no question but what a carrier is required to use the highest degree of care, diligence and skill, and is liable for the slightest negligence, or lack of care, resulting in injuries to its passengers. However, it is further true that the passenger must not contribute to his injuries by any want of ordinary care on his part. Crawley v. City of Monroe, La.App., 26 So.2d 493. Counsel for plaintiff contends that since the plaintiff was a passenger on the bus that under the circumstances of this case the *854 defendant bus company owed him the highest degree of care. However, a serious question presents itself under the factual situation of this case as to whether or not the plaintiff was a passenger at the time of his injury — as a matter of fact, the record reflects that plaintiff had alighted from the bus and was on his way to a waiting bench apparently provided by the Great Southern Hotel when he stumbled, or walked, into the pile of freight that was on the Southern Hotel property — unquestionably at the time of the accident he no longer occupied the status of a passenger of defendant’s bus. On the other hand, there is no proof in this record to show that the Southern Hotel through its officers or employees was responsible for the freight being stacked on the walkway, but, even assuming for the sake of argument that both the defendants were responsible for this freight being stacked in the manner above described on said walkway and this was a negligent act, I am of the opinion that this plaintiff cannot possibly recover, because under the” facts he is guilty of contributory negligence which would bar his recovery. However, further assuming that the freight was stacked on the walkway by both thése defendants, the evidence shows that there remained a space of about two feet where anyone could pass around it in order to get to the waiting bench, and when the plaintiff under the circumstances stumbled or walked into this pile of freight, it was his own act of negligence of failing to see that which he should have seen which caused his injury. Plaintiff testified he did not see this freight, and there was certainly nothing to keep him from seeing it, because it was during the daylight hours and the freight was some three feet in height. Accordingly, if he did not see the freight, he failed to see that which he should have seen and, of course, under the law this constituted negligence on.his part which, in my opinion, was the proximate cause of his accident.
“I have given consideration to the fact that the plaintiff was crippled and using crutches at the time of the accident, in order to determine the degree of care required by him. Certainly under these circumstances with him on crutches, the plaintiff should have realized that his contact with any obstruction would have caused him to fall, and he should have used as much, if not more, care than an ordinary healthy person.”
The record fully substantiates the above findings which we adopt as our own.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.