NUMBER 13-10-00355-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI—EDINBURG



 



 

MANUEL
TUNCHEZ,                                                                    Appellant, 

 

v.

 

fins
grill, ltd.,                                                                   
    Appellee.



 



 

On appeal from the 105th District Court

of Nueces County, Texas



 



 

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and
Perkes   

Memorandum Opinion by Justice Perkes 


          Appellant Manuel Tunchez appeals from the trial court’s
summary judgment granted in favor of appellee, Fins Grill, Ltd.  Because there
is no evidence Fins Grill owed Tunchez a duty or that it breached any duty when
its employee opened a door into Tunchez, we affirm the trial court’s judgment. 

 

I.  FACTUAL AND PROCEDURAL BACKGROUND

In April 2007, Tunchez went to Fins
Grill restaurant to make a delivery on behalf of his employer, Sysco San Antonio,
Inc.[1] 
While pulling a loaded dolly, Tunchez approached the back door of Fins Grill. 
The dolly was in front of Tunchez and Tunchez’s back faced the door.  As
Tunchez started to turn around to open the door with his right hand, a Fins
Grill employee, Graham Williams, opened the door, causing the door or its knob
to strike Tunchez’s back.[2]

According to Tunchez’s deposition
testimony, Williams then turned his head around and said, “I’m sorry, I didn’t
see you there.”  When asked about the incident one to two weeks later, Williams
had no recollection of it.  There is no evidence in the record that Williams
opened the door with unusual or excessive force.  The door was a light-weight,
hollow metal door without a window or peep hole.  Neither Tunchez nor Williams
could have seen through the door as he approached it.  

Tunchez estimated he made a total of
four trips through the door that day.  He could not recall on which trip the
door hit him, but testified he made additional trips through the same doorway
that day after the door hit him.  Tunchez testified the incident “could have”
occurred on his second trip through the door.  Tunchez never used anything to
prop or hold the door open.  There is no evidence Tunchez or Williams saw each
other that day prior to the door hitting Tunchez.  In his deposition, Tunchez
acknowledged there was no way Williams knew he was present outside the door.  

Williams testified that deliverymen
like Tunchez do not “check in” on arrival at Fins Grill.  Instead, the
unwritten procedure was for deliverymen to arrive at the back door, enter, and
start bringing in products, placing them in the dry storage area.  As loads
were being brought inside, Williams would check them against an invoice and
place them in their proper storage place.  After all of the products in a given
delivery were inside the back door, Williams would sign off on the invoice in the
dry storage area and give the invoice to the deliveryman.  The back door of
Fins Grill was only used by employees and delivery personnel.  There is no
evidence that any Fins Grill employee hit a person with the door prior to this
incident.  

Tunchez sued Fins Grill alleging
negligent activity on the part of its employee, Williams, in the manner in
which he opened the door.  Tunchez alleged the incident injured his back and
that he required back surgery.[3] 
Tunchez did not make a premises-defect claim.  Fins Grill filed a traditional
and no-evidence motion for summary judgment, in which it argued it did not owe
Tunchez a duty and there was no evidence of a duty or breach of a duty to
Tunchez.  The trial court granted Fins Grill’s motion for summary judgment, and
this appeal followed.

II.  ISSUES PRESENTED

            Tunchez presents three issues for review: (1) whether the
trial court erred by granting Fins Grill’s motion for summary judgment; (2)
whether Fins Grill affirmatively disproved “every” element of Tunchez’s
negligence cause of action so as to be entitled to a traditional summary
judgment; and (3) whether Tunchez presented sufficient evidence to defeat Fins
Grill’s no-evidence motion for summary judgment. 

 

III.  STANDARD OF REVIEW

The standard of review for the
granting of a motion for summary judgment depends on whether the motion was
brought on no-evidence or traditional grounds.  See Tex. R. Civ. P. 166a(c), (i); see
also Franks v. Roades, 310 S.W.3d 615, 620 (Tex. App.—Corpus Christi 2010,
no pet.).  A no-evidence summary judgment motion should be granted if there is
no evidence of at least one essential element of the plaintiff's claim.  Hamilton
v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam).  The burden of
producing evidence is entirely on the non-movant and if the non-movant produces
evidence to raise a genuine issue of material fact, summary judgment is
improper.  Tex. R. Civ. P. 166a(i).  All that is required of the
non-movant is to produce a scintilla of probative evidence to raise a genuine
issue of material fact on the challenged element.  Forbes, Inc. v. Granada
Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003).  Less than a scintilla
of evidence exists when the evidence is so weak as to do no more than create a
mere surmise or suspicion of a fact.  Kindred v. Con/Chem, Inc., 650
S.W.2d 61, 63 (Tex. 1983); see also Forbes, 124 S.W.3d at 172.  More
than a scintilla of evidence exists when reasonable and fair-minded individuals
could differ in their conclusions.  Forbes, 124 S.W.3d at 172; Transp.
Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994).  

When deciding whether a disputed,
material fact issue precludes summary judgment,
we take as true evidence favorable to the non-movant, indulge every reasonable
inference in favor of the non-movant, and resolve any doubts in the non-movant’s
favor.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985);
see also City of Keller v. Wilson, 168 S.W.3d 802, 825, 827 (Tex. 2005)
(explaining review of a “no-evidence” motion for summary judgment is
effectively restricted to the evidence contrary to the motion).

When, as here, an order granting
summary judgment does not specify the grounds on which summary judgment was
granted, a court may uphold it on any ground presented in the motion.  Joe
v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004).  When,
as here, a party moves for a traditional summary judgment and a no-evidence
summary judgment, we will first review the trial court's judgment under the no-evidence
standard.  Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). 
If the appellant fails to produce more than a scintilla of evidence under that
burden, then there is no need to analyze whether appellee’s summary-judgment evidence
satisfies the traditional rule 166a(c) burden.  Id.

III.  ANALYSIS

Fins Grill moved for summary judgment
arguing there was no evidence it owed a duty to Tunchez and no evidence it
breached any duty to Tunchez.  To prevail on a negligence cause of action, a
plaintiff must prove (1) the existence of a legal duty, (2) breach of the duty,
and (3) injury proximately caused by the defendant’s breach.  Greater
Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1991).   
Whether a duty exists is a question of law for the court to decide based on the
facts surrounding the occurrence in question.  Id.  

Duty concerns not subjecting others
to an unreasonable, foreseeable risk of harm.  Tex. Home Mgmt., Inc.
v. Peavy, 89 S.W.3d 30, 39 (Tex. 2002); Otis Eng’g Corp. v. Clark,
668 S.W.2d 307, 311 (Tex. 1984) (discussing unreasonable risk of harm as
component of duty analysis); see also Keck, Mahin & Cate v. Nat. Union
Fire Ins. Co., 20 S.W.3d 692, 702 (Tex. 2000) (noting contributory
negligence is that which creates an unreasonable risk of harm to oneself).  “As
Dean Prosser has observed . . . [‘n]o better general statement can be made,
than the courts will find a duty where, in general, reasonable men would
recognize it and agree that it exists.’”  Otis Eng’g Corp., 668 S.W.2d
at 310. (quoting W. Prosser, The Law of Torts § 56 (4th ed. 1971)). 
A reviewing court balances several related factors to determine whether a
defendant owed a plaintiff a duty, including the risk, foreseeability, and
likelihood of injury weighed against the social utility of the defendant’s
conduct, the magnitude of the burden of guarding against the injury, and the
consequences of placing the burden on the defendant.  Phillips, 801
S.W.2d at 525; see also Allen Keller Co. v. Foreman,
No. 09–0955, 2011 WL 1458702, at *3 (Tex. April 15, 2011) (discussing factors
in duty analysis).  Foreseeability of the risk is the foremost and
dominant factor.  See Phillips, 801 S.W.2d at 525.

 Tunchez argues that, taken together,
his own testimony (that he did not “recall [on] what trip” through the door
this incident occurred, but that “it could have been on the second trip”
through the back door) and Williams’s testimony (concerning his usual practice
of checking deliveries as loads were being brought inside) show Williams knew
or should have known Tunchez was on the other side of the door and Williams
therefore had a duty to use reasonable care to avoid hitting Tunchez.  Tunchez points
out that Williams knew Fins Grill employees and deliverymen used the door.  

Tunchez cites Najera v. Great
Atlantic & Pacific Tea Company to argue there is a fact issue on
foreseeability.  146 Tex. 367, 207 S.W.2d 365 (1948).  Najera is inapposite
because it involved a premises condition and foreseeability of risk turning on
a fact on which there was conflicting testimony—whether bread pans were empty
or filled with dough.  Id. at 366; see also Otis Eng’g, 668
S.W.2d at 310 (discussing unique duty standard in premises-condition cases in
light of Corbin v. Safeway Stores, Inc., 648 S.W.2d 292 (Tex. 1983)). 
Najera sued his employer for an injury he sustained when his right hand struck
an iron latch on an open door in a baking plant.  Najera, 207 S.W.2d at
366.  Shortly before the accident, one of Najera’s co-workers had opened the
door, causing the latch to be exposed.  See id.  When he hurt his hand,
Najera was walking backward pulling a truck of bread pans.  Id.  If the
pans contained dough, as Najera’s co-worker testified, the door in the narrow
hallway should have been open as it lead to a “proof box” which heated the
dough so that it would rise before being placed in the oven.  Id. at
366.  If the pans were empty, as Najera testified, he needed to roll the truck
through a narrow hallway, past the closed door to the place where the pans
would be filled with dough.  Id.  On the facts presented in Najera,
the Supreme Court of Texas recognized a fact issue on foreseeability.  Id. at
367.

In this case, there is no evidence of
foreseeability of risk as to raise a fact issue.  In claims supported only by meager circumstantial evidence, the
evidence does not rise above a scintilla if jurors would have to guess whether
a vital fact exists.
City of Keller, 168 S.W.3d at 813.  Here, there is no evidence of a
prior incident involving opening of the door, and a jury would have to guess
whether Williams had any knowledge or reason to believe Tunchez or anyone else
was approaching the back door as Williams opened it.  See Barton v.
Whataburger, 276 S.W.3d 456, 463 (Tex. App.—Houston [1st Dist.] 2008, pet.
denied) (explaining danger is foreseeable if its general character might
reasonably be anticipated, if not its precise manner).  The lack of evidence of
foreseeability of risk forecloses the possibility of imposing a duty.  See
e.g., Allen v. Connolly, 158 S.W.3d 61, 67 (Tex. App.—Houston [14th
Dist.] 2005, no pet.) (holding aggravated sexual assault on employee was
unforeseeable and therefore no negligence duty existed for employer).  

Further, as to the remaining duty factors,
there is no evidence in the record that weighs in favor of imposing a duty.  There
is no evidence of an unreasonable risk of harm—the door is described as a
light-weight, hollow metal door and there is no evidence Williams opened it
with excessive force.  There is no evidence of any other incident involving the
door, suggesting the likelihood of injury is low.  The social utility of
opening a door normally is high.  This Court declines to impose a duty that
would unnecessarily hinder people in the course of the normal opening of doors
in daily life.  

Even if we were to conclude a duty
existed, there is no evidence Williams breached any duty.  In his reply brief,
Tunchez identifies himself as the only source of evidence concerning how
Williams opened the door; Williams does not recall the incident.  In his
deposition testimony, Tunchez did not testify there was anything unusual or
forceful about how Williams opened the door.  In his brief and reply brief,
Tunchez argues his orthopedic surgeon’s testimony that his alleged back injury
resulted from an April 2007 injury, supports Tunchez’s claim in this lawsuit
that Williams was negligent in opening the door.  Assuming for the sake of
argument only that the orthopedic surgeon’s testimony could be used to bolster
Tunchez’s claim in this way, we have reviewed the orthopedic surgeon’s
testimony in its entirety and it contains no evidence of the manner in which
the door was opened.  

Tunchez’s orthopedic surgeon
testified that he operated on Tunchez’s back in 2001 following an injury that
was reportedly sustained while pulling a load up a ramp.  Following that
surgery, the orthopedic surgeon never released Tunchez from his care because he
had not made a complete recovery, and Tunchez did not complete his course of
post-surgery follow-up visits.  In this case, the orthopedic surgeon testified
that it could not be determined from his examination of Tunchez and an MRI,
whether the injuries alleged in this lawsuit resulted from an incident in April
2007 or were pre-existing and related to the 2001 surgery.  The orthopedic
surgeon testified that in his opinion, based on the patient’s history, there
was an onset of new symptoms as of April 2007 and the symptoms were not simple
degeneration related to the 2001 surgery.  The orthopedic surgeon testified the
new symptoms could have been caused by pulling a loaded dolly—as Tunchez did
before and after the alleged incident involving the door.  Tunchez’s orthopedic
surgeon did not testify the alleged injuries were caused by a door striking
Tunchez or offer any testimony concerning how the door was opened.

We conclude there is no evidence Fins
Grill owed a duty to Tunchez in the normal opening of the door and there is no
evidence Fins Grill, acting through its employee, Williams, breached any duty toward
Tunchez.  The trial court properly granted Tunchez’s no-evidence motion for
summary judgment.  Our holding today is consistent with cases from other
jurisdictions that have declined to impose liability for normal opening of a
door.  Compare Quinones v. J.C. Penney Corp., Inc., No. 07-CV-00370, 2008
WL 4371972, at *7 (D. Conn. Sept. 24, 2008) (holding a reasonable person is not
required to give notice prior to opening door of public restroom in a normal
manner); Richard v. McCrory Corp., 666 So.2d 371, 374–75 (La. App. 1
Cir. 1995) (holding injury to child hiding near door was unforeseeable and
therefore no negligence duty) with Gallardo v. New Orleans Steamboat Co.,
459 So.2d 1215, 1218 (La. App. 3 Cir. 1984) (affirming negligence judgment
against common carrier whose employee came through doors “like a bat out of
hell”); McDermott v. Sallaway, 85 N.E. 422, 423–24 (Mass. 1908) (finding
evidence of negligence when employee knew of plaintiff’s presence and opened
refrigerator door with such force that plaintiff was thrown forward multiple
steps).  We overrule Tunchez’s first and third issues on appeal.  In light of
our disposition of these issues, we do not reach Tunchez’s second issue, which
concerns the propriety of granting a traditional summary judgment in favor of Fins
Grill.  See Tex. R. App. P.
47.1; Ford Motor Co., 135 S.W.3d at 600. 

IV.  CONCLUSION

Having overruled Tunchez’s
dispositive issues on appeal, we affirm the trial court’s judgment.

 

                                                                                    _______________________________

GREGORY T. PERKES

                                                                                    Justice

 

Delivered and filed the 

28th day of July, 2011. 









[1] 
Sysco San Antonio, Inc., f/k/a Sysco Food Services of San Antonio, Inc. and
Sysco Food Services of San Antonio, L.P., was a defendant in this lawsuit in
the trial court, and the trial court granted its motion for summary judgment. 
In his notice of appeal, Tunchez did not appeal from the summary judgment
granted in favor of Sysco.

 





[2] 
At his deposition, Tunchez testified he does not know whether the door or its
knob hit his back.

 





[3] 
Tunchez also admitted a history of back problems.