

# NUMBER 13-10-00355-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

MANUEL TUNCHEZ,                                                  Appellant,

v.

FINS GRILL, LTD.,                                                 Appellee.

### On appeal from the 105th District Court
### of Nueces County, Texas

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Manuel Tunchez appeals from the trial court's summary judgment granted in favor of appellee, Fins Grill, Ltd. Because there is no evidence Fins Grill owed Tunchez a duty or that it breached any duty when its employee opened a door into Tunchez, we affirm the trial court's judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In April 2007, Tunchez went to Fins Grill restaurant to make a delivery on behalf of his employer, Sysco San Antonio, Inc.[1]  While pulling a loaded dolly, Tunchez approached the back door of Fins Grill.  The dolly was in front of Tunchez and Tunchez's back faced the door.  As Tunchez started to turn around to open the door with his right hand, a Fins Grill employee, Graham Williams, opened the door, causing the door or its knob to strike Tunchez's back.[2]

According to Tunchez's deposition testimony, Williams then turned his head around and said, "I'm sorry, I didn't see you there."  When asked about the incident one to two weeks later, Williams had no recollection of it.  There is no evidence in the record that Williams opened the door with unusual or excessive force.  The door was a light-weight, hollow metal door without a window or peep hole.  Neither Tunchez nor Williams could have seen through the door as he approached it.

Tunchez estimated he made a total of four trips through the door that day.  He could not recall on which trip the door hit him, but testified he made additional trips through the same doorway that day after the door hit him.  Tunchez testified the incident "could have" occurred on his second trip through the door.  Tunchez never used anything to prop or hold the door open.  There is no evidence Tunchez or Williams saw each other that day prior to the door hitting Tunchez.  In his deposition, Tunchez acknowledged there was no way Williams knew he was present outside the door.

---

[1]  Sysco San Antonio, Inc., f/k/a Sysco Food Services of San Antonio, Inc. and Sysco Food Services of San Antonio, L.P., was a defendant in this lawsuit in the trial court, and the trial court granted its motion for summary judgment.  In his notice of appeal, Tunchez did not appeal from the summary judgment granted in favor of Sysco.

[2]  At his deposition, Tunchez testified he does not know whether the door or its knob hit his back.

2

Williams testified that deliverymen like Tunchez do not "check in" on arrival at Fins Grill. Instead, the unwritten procedure was for deliverymen to arrive at the back door, enter, and start bringing in products, placing them in the dry storage area. As loads were being brought inside, Williams would check them against an invoice and place them in their proper storage place. After all of the products in a given delivery were inside the back door, Williams would sign off on the invoice in the dry storage area and give the invoice to the deliveryman. The back door of Fins Grill was only used by employees and delivery personnel. There is no evidence that any Fins Grill employee hit a person with the door prior to this incident.

Tunchez sued Fins Grill alleging negligent activity on the part of its employee, Williams, in the manner in which he opened the door. Tunchez alleged the incident injured his back and that he required back surgery.[3] Tunchez did not make a premises-defect claim. Fins Grill filed a traditional and no-evidence motion for summary judgment, in which it argued it did not owe Tunchez a duty and there was no evidence of a duty or breach of a duty to Tunchez. The trial court granted Fins Grill's motion for summary judgment, and this appeal followed.

## II. ISSUES PRESENTED

Tunchez presents three issues for review: (1) whether the trial court erred by granting Fins Grill's motion for summary judgment; (2) whether Fins Grill affirmatively disproved "every" element of Tunchez's negligence cause of action so as to be entitled to a traditional summary judgment; and (3) whether Tunchez presented sufficient evidence to defeat Fins Grill's no-evidence motion for summary judgment.

---

[3] Tunchez also admitted a history of back problems.

3

### III.  STANDARD OF REVIEW

The standard of review for the granting of a motion for summary judgment depends on whether the motion was brought on no-evidence or traditional grounds. *See* TEX. R. CIV. P. 166a(c), (i); *see also Franks v. Roades,* 310 S.W.3d 615, 620 (Tex. App.—Corpus Christi 2010, no pet.).  A no-evidence summary judgment motion should be granted if there is no evidence of at least one essential element of the plaintiff's claim.  *Hamilton v. Wilson,* 249 S.W.3d 425, 426 (Tex. 2008) (per curiam).  The burden of producing evidence is entirely on the non-movant and if the non-movant produces evidence to raise a genuine issue of material fact, summary judgment is improper.  TEX. R. CIV. P. 166a(i).  All that is required of the non-movant is to produce a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *Forbes, Inc. v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 172 (Tex. 2003).  Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact.  *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983); *see also Forbes,* 124 S.W.3d at 172.  More than a scintilla of evidence exists when reasonable and fair-minded individuals could differ in their conclusions. *Forbes,* 124 S.W.3d at 172; *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex. 1994).

When deciding whether a disputed, material fact issue precludes summary judgment, we take as true evidence favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in the non-movant's favor.  *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985); *see also City of Keller v. Wilson,* 168 S.W.3d 802, 825, 827 (Tex. 2005) (explaining review of a "no-evidence" motion for summary judgment is effectively restricted to the evidence contrary to the motion).

4

When, as here, an order granting summary judgment does not specify the grounds on which summary judgment was granted, a court may uphold it on any ground presented in the motion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004). When, as here, a party moves for a traditional summary judgment and a no-evidence summary judgment, we will first review the trial court's judgment under the no-evidence standard. *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex. 2004). If the appellant fails to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether appellee's summary-judgment evidence satisfies the traditional rule 166a(c) burden. *Id.*

### III. ANALYSIS

Fins Grill moved for summary judgment arguing there was no evidence it owed a duty to Tunchez and no evidence it breached any duty to Tunchez. To prevail on a negligence cause of action, a plaintiff must prove (1) the existence of a legal duty, (2) breach of the duty, and (3) injury proximately caused by the defendant's breach. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1991). Whether a duty exists is a question of law for the court to decide based on the facts surrounding the occurrence in question. *Id.*

Duty concerns not subjecting others to an unreasonable, foreseeable risk of harm. *Tex. Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 39 (Tex. 2002); *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 311 (Tex. 1984) (discussing unreasonable risk of harm as component of duty analysis); *see also Keck, Mahin & Cate v. Nat. Union Fire Ins. Co.*, 20 S.W.3d 692, 702 (Tex. 2000) (noting contributory negligence is that which creates an unreasonable risk of harm to oneself). "As Dean Prosser has observed . . . ['n]o better general statement can be made, than the courts will find a duty where, in general,

5

reasonable men would recognize it and agree that it exists.'" *Otis Eng'g Corp.*, 668 S.W.2d at 310. (quoting W. PROSSER, THE LAW OF TORTS § 56 (4th ed. 1971)). A reviewing court balances several related factors to determine whether a defendant owed a plaintiff a duty, including the risk, foreseeability, and likelihood of injury weighed against the social utility of the defendant's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant. *Phillips*, 801 S.W.2d at 525; *see also Allen Keller Co. v. Foreman*, No. 09–0955, 2011 WL 1458702, at *3 (Tex. April 15, 2011) (discussing factors in duty analysis). Foreseeability of the risk is the foremost and dominant factor. *See Phillips*, 801 S.W.2d at 525.

Tunchez argues that, taken together, his own testimony (that he did not "recall [on] what trip" through the door this incident occurred, but that "it could have been on the second trip" through the back door) and Williams's testimony (concerning his usual practice of checking deliveries as loads were being brought inside) show Williams knew or should have known Tunchez was on the other side of the door and Williams therefore had a duty to use reasonable care to avoid hitting Tunchez. Tunchez points out that Williams knew Fins Grill employees and deliverymen used the door.

Tunchez cites *Najera v. Great Atlantic & Pacific Tea Company* to argue there is a fact issue on foreseeability. 146 Tex. 367, 207 S.W.2d 365 (1948). *Najera* is inapposite because it involved a premises condition and foreseeability of risk turning on a fact on which there was conflicting testimony—whether bread pans were empty or filled with dough. *Id.* at 366; *see also Otis Eng'g*, 668 S.W.2d at 310 (discussing unique duty standard in premises-condition cases in light of *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983)). *Najera* sued his employer for an injury he sustained when his

6

right hand struck an iron latch on an open door in a baking plant. *Najera*, 207 S.W.2d at 366. Shortly before the accident, one of Najera's co-workers had opened the door, causing the latch to be exposed. *See id.* When he hurt his hand, Najera was walking backward pulling a truck of bread pans. *Id.* If the pans contained dough, as Najera's co-worker testified, the door in the narrow hallway should have been open as it lead to a "proof box" which heated the dough so that it would rise before being placed in the oven. *Id.* at 366. If the pans were empty, as Najera testified, he needed to roll the truck through a narrow hallway, past the closed door to the place where the pans would be filled with dough. *Id.* On the facts presented in *Najera*, the Supreme Court of Texas recognized a fact issue on foreseeability. *Id.* at 367.

In this case, there is no evidence of foreseeability of risk as to raise a fact issue. In claims supported only by meager circumstantial evidence, the evidence does not rise above a scintilla if jurors would have to guess whether a vital fact exists. *City of Keller*, 168 S.W.3d at 813. Here, there is no evidence of a prior incident involving opening of the door, and a jury would have to guess whether Williams had any knowledge or reason to believe Tunchez or anyone else was approaching the back door as Williams opened it. *See Barton v. Whataburger*, 276 S.W.3d 456, 463 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (explaining danger is foreseeable if its general character might reasonably be anticipated, if not its precise manner). The lack of evidence of foreseeability of risk forecloses the possibility of imposing a duty. *See e.g.*, *Allen v. Connolly*, 158 S.W.3d 61, 67 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding aggravated sexual assault on employee was unforeseeable and therefore no negligence duty existed for employer).

Further, as to the remaining duty factors, there is no evidence in the record that weighs in favor of imposing a duty. There is no evidence of an unreasonable risk of harm—the door is described as a light-weight, hollow metal door and there is no evidence Williams opened it with excessive force. There is no evidence of any other incident involving the door, suggesting the likelihood of injury is low. The social utility of opening a door normally is high. This Court declines to impose a duty that would unnecessarily hinder people in the course of the normal opening of doors in daily life.

Even if we were to conclude a duty existed, there is no evidence Williams breached any duty. In his reply brief, Tunchez identifies himself as the only source of evidence concerning how Williams opened the door; Williams does not recall the incident. In his deposition testimony, Tunchez did not testify there was anything unusual or forceful about how Williams opened the door. In his brief and reply brief, Tunchez argues his orthopedic surgeon's testimony that his alleged back injury resulted from an April 2007 injury, supports Tunchez's claim in this lawsuit that Williams was negligent in opening the door. Assuming for the sake of argument only that the orthopedic surgeon's testimony could be used to bolster Tunchez's claim in this way, we have reviewed the orthopedic surgeon's testimony in its entirety and it contains no evidence of the manner in which the door was opened.

Tunchez's orthopedic surgeon testified that he operated on Tunchez's back in 2001 following an injury that was reportedly sustained while pulling a load up a ramp. Following that surgery, the orthopedic surgeon never released Tunchez from his care because he had not made a complete recovery, and Tunchez did not complete his course of post-surgery follow-up visits. In this case, the orthopedic surgeon testified that it could not be determined from his examination of Tunchez and an MRI, whether

8

the injuries alleged in this lawsuit resulted from an incident in April 2007 or were pre-existing and related to the 2001 surgery. The orthopedic surgeon testified that in his opinion, based on the patient's history, there was an onset of new symptoms as of April 2007 and the symptoms were not simple degeneration related to the 2001 surgery. The orthopedic surgeon testified the new symptoms could have been caused by pulling a loaded dolly—as Tunchez did before and after the alleged incident involving the door. Tunchez's orthopedic surgeon did not testify the alleged injuries were caused by a door striking Tunchez or offer any testimony concerning how the door was opened.

We conclude there is no evidence Fins Grill owed a duty to Tunchez in the normal opening of the door and there is no evidence Fins Grill, acting through its employee, Williams, breached any duty toward Tunchez. The trial court properly granted Tunchez's no-evidence motion for summary judgment. Our holding today is consistent with cases from other jurisdictions that have declined to impose liability for normal opening of a door. *Compare Quinones v. J.C. Penney Corp., Inc.*, No. 07-CV-00370, 2008 WL 4371972, at *7 (D. Conn. Sept. 24, 2008) (holding a reasonable person is not required to give notice prior to opening door of public restroom in a normal manner); *Richard v. McCrory Corp.*, 666 So.2d 371, 374–75 (La. App. 1 Cir. 1995) (holding injury to child hiding near door was unforeseeable and therefore no negligence duty) *with Gallardo v. New Orleans Steamboat Co.*, 459 So.2d 1215, 1218 (La. App. 3 Cir. 1984) (affirming negligence judgment against common carrier whose employee came through doors "like a bat out of hell"); *McDermott v. Sallaway*, 85 N.E. 422, 423–24 (Mass. 1908) (finding evidence of negligence when employee knew of plaintiff's presence and opened refrigerator door with such force that plaintiff was thrown forward multiple steps). We overrule Tunchez's first and third issues on appeal. In light of our

9

disposition of these issues, we do not reach Tunchez's second issue, which concerns the propriety of granting a traditional summary judgment in favor of Fins Grill. *See* TEX. R. APP. P. 47.1; *Ford Motor Co.*, 135 S.W.3d at 600.

## IV.  CONCLUSION

Having overruled Tunchez's dispositive issues on appeal, we affirm the trial court's judgment.

_____
GREGORY T. PERKES
Justice

Delivered and filed the
28th day of July, 2011.